## CITY OF TYLER v. TEXAS EMPLOYERS' INS. ASS'N.
### (Motion No. 7358; No. 701-4626.)

Commission of Appeals of Texas, Section B. May 4, 1927.

**1. Statutes ⬅80(3)—Corporation, functioning as agency for administration of law, is not within constitutional prohibition against creating private corporations by special law.**

A corporation, functioning as agency for proper administration of the law, is not within constitutional provision prohibiting creation of private corporations except by general law; purpose of such prohibition being to require private corporations to be created by general law.

**2. Statutes ⬅80(3)—Texas Employers' Insurance Association is not private corporation forbidden to be created by special law.**

Texas Employers' Insurance Association, though having many of the elements of a private corporation, so as to prevent cities and towns from being members thereof under Const. art. 3, § 52, being an agency for the administration of Workmen's Compensation Law, is not such a private corporation as is forbidden by the Constitution to be created by special law.

**3. Municipal corporations ⬅57 — Cities and towns have no general power to act for general public good.**

Cities and towns have no general power to act for the general public good; there being no general welfare clause in the statutes or charters creating them which can in any wise override limitations of the Constitution.

**4. Constitutional law ⬅13—Public policy cannot be contrary to express provisions of Constitution.**

Public policy cannot be contrary to the express provisions of the Constitution.

**5. Courts ⬅91(2)—Views expressed by Commission of Appeals as to grounds of its decision do not have force of law.**

Views expressed by the Commission of Appeals as to grounds of its decision do not have the force of law.

Powell, P. J., dissenting.

On motion for rehearing. Motion overruled, and former opinion adhered to.

For former opinion, see 288 S. W. 409.

SPEER, J. The well-argued motion by defendant in error for a rehearing stresses three points:

First, it is contended our holding is in conflict with, and in effect overrules, the case of Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; the point of the alleged conflict being that we have held the Texas Employers' Insurance Association to be a corporation engaged in the insurance business on the mutual plan, whose subscribers are stockholders in such corporation within the meaning of section 52, art. 3, of our Constitution, whereas Chief Justice Phillips in the Middleton Case held:

"The insurance association created by the act is not a private corporation, and this part of the act is not violative of the Constitution in its provision that no private corporation shall be formed except by general laws. * * * The association is very clearly only an agency for the proper administration of this law."

[1, 2] We have not overruled the Middleton Case, nor have we questioned any holding made therein, nor do we doubt the correctness of that decision. The point there decided was that the association was not a private corporation within the meaning of the general laws authorizing corporations, but that the same was an agency for the proper administration of the Workmen's Compensation law. The evident purpose of the Constitution forbidding the creation of a private corporation, except by general laws, clearly was to require that purely private corporations should be created only under general law. It has nothing to do with those concerns whose functions are such as to constitute them agencies for the proper administration of the law. Such a concern is not within the contemplation of the constitutional provision considered in the Middleton Case. The Texas Insurance Association, therefore, is not such private corporation as is forbidden to be created by special law. But it does not follow that such association does not have the elements of a private corporation, and in fact it does have, not only by legislative declaration, but by context as well, the essential elements of a private corporation and especially those elements which bring the concern under the ban of section 52, art. 3, of our Constitution,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

quoted in the original opinion. There is nothing in the Middleton Case holding contrary to this. We have merely indicated our opinion that the nature of such association, whether "technically a corporation or not," is such that municipal corporations cannot become subscribers thereto without violating constitutional limitations.

It is further insisted that our suggestion that a city or town becoming a member of such association would subject it to assessment for the payment of claims is erroneous, in the present case, in view of the facts alleged in the plaintiff's petition and admitted by the city's demurrer, to the effect that, under conditions existing, no assessments could be made. But, as pointed out in the original opinion, this means nothing. We were reviewing the act in its entirety to determine the sole question of whether or not it evidenced an intention upon the part of the Legislature to include municipalities as beneficiaries thereunder, and of course, with such end in view, we should consider, as we did consider, the possibility of the acts applying to cities and towns in any case—not the possibility of such assessments being waived by reason of stipulation, existing surplus, or what not, in a given case.

It is finally urged that the effect of the act is such as to create upon the part of accepting cities and towns a liability for payment according to its terms, and again the Middleton-Texas Power & Light Company Case is invoked for authority. It is true it was held in the Middleton Case that the act simply changes the common-law rule of liability of the employer to his employee; that it in effect declares that such employer shall no longer be liable as under the common-law rule, but shall be liable according to the rule prescribed by the act. The court there had before it the question of the validity of the act depriving employers accepting thereunder of the benefit of the common-law defenses of assumed risk and contributory negligence. The court upheld the right of the Legislature to abolish these defenses in such cases. It was therefore necessarily true that, as to employers to whom the act was applicable, accepting thereunder, their liability undoubtedly is to be determined from the rule of the act rather than the abrogated common-law rule. But this is entirely foreign to the question before us. The court in that case was not considering any question of eligibility of employers to the benefits of the act, and what it said could only have application to those rightfully coming within the influence of the act.

It is argued, however, that, seeing the Legislature may abolish the common-law defenses of assumed risk and contributory negligence, and assuming that it may therefore abolish the defense in a personal injury case of no negligence shown, the effect of the present Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.) is to do precisely this thing, and that therefore cities and towns are within its terms and meaning as against the consideration upon which our decision has been made to turn. In other words, that the act itself has created a liability upon the part of accepting cities and towns and that therefore the payment of premiums and carrying of insurance for the protection of employees injured without negligence is not beyond the power of such municipalities. But this reasoning is by no means sound. In the first place, the act does not in any wise undertake, as against any employer, without his consent, to deprive him of the right to deny negligence in a personal injury case by an employee. It has not, therefore, enlarged nor affected the liability of cities and towns who are employers, as such, but the act can in no possibility have the effect to enlarge such liabilities unless the city or town has the constitutional right, by accepting under the act, to make valid this enlarged liability. It is reasoning in a circle to say the Legislature may enlarge the liability of cities and towns where that enlarged liability depends upon the assent of such city or town and such assent is forbidden by the Constitution. Cities and towns are not upon the same plane as ordinary proprietors, who are at liberty to contract with their own as they please, but they are rather trustees for the public, with limited powers, with no discretion or authority to lend their credit or to grant gratuitously the public money or things trusted to their keeping.

Presiding Judge Powell is of the opinion the motion for rehearing should be granted. He assented to the original opinion largely because of the constitutional objections discussed. He is now of the opinion that the objections discussed are not well taken, and that therefore a liberal construction impels him to hold that the Legislature did intend the act to apply to cities and towns. He is of the opinion that the expenditure of the taxes of the municipality for premiums in the way contemplated by the act can be justified upon the theory that it was for the general public good.

[3, 4] It will be borne in mind that our actual holding in the case was, from the considerations discussed, that the Legislature did not intend the act to apply to cities and towns, and various considerations discussed by us were but the reasons which prompted us to that conclusion. We expressed a decided opinion that the act would have been unconstitutional if it were intentionally applied to cities and towns, and a majority of this Commission are still of that opinion. Nevertheless, there were other considerations which prompted us to our conclusion; that is, the words of the bill itself, the use of the word "corporation" without expressly includ-

ing municipal corporations, the penal features, which it was thought the Legislature did not intentionally apply to another branch of sovereignty. The majority cannot agree that there is any general power in cities and towns to act for the general public good, for there is no general welfare clause in the statutes or charters creating them which could in anywise override the limitations of the Constitution. As pointed out in our original opinion, it is not a question of expediency, for upon that point we might all agree, but expediency cannot substitute the judgment of the municipality for that of the judgment of the framers of the Constitution. Public policy cannot be contrary to the express provisions of the Constitution. When that instrument speaks, the matter is indelibly settled, and its wisdom cannot be questioned.

[5] Of course the views expressed by us as to the grounds of our decision have not the force of the law, nor were they approved by the Supreme Court. It may be true that, in approving the judgment recommended by us, the Supreme Court was unwilling to assent to the proposition that the act would have been unconstitutional, had the Legislature made it applicable to cities and towns, and yet also of the opinion the Legislature did not have such intention for the other reasons discussed by us.

Irrespective of the power of the Legislature to include cities and towns if it had desired to do so, which question we have no disposition to foreclose in this opinion, the majority think the other considerations alone compel the judgment that we have heretofore recommended; in other words, we believe the Legislature would have exceeded its power if it had included cities and towns within the scope of the act, but that it *did not intend* such inclusion, so that in any event the rehearing should be refused.