## McCALEB v. CONTINENTAL CASUALTY CO.

### No. 10221.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 16, 1938.

Fred H. Woodard and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for plaintiff in error.

Keys & Holt, of Corpus Christi, for defendant in error.

SMITH, Chief Justice.

The city of Corpus Christi carries indemnity insurance to protect it against loss from its legal liability for accidental injury sustained by its employees in the course of their employment. That contract of insurance is in the usual form of an indemnity policy, and was issued to the city by the Continental Casualty Company. To that policy is attached a "rider," entitled "Voluntary Compensation Endorsement," which is as follows:

"In consideration of the premium for which this policy is written, it is hereby understood and agreed that the Company will pay to any employee of the Assured within the State of Texas to whom the benefits of

"The Workmen's Compensation Law of the State of Texas, and all laws amendatory thereof, which may be or become effective while this Policy is in force, are not applicable, and who may be injured by accident arising out of and in the course of his employment, benefits equal to the benefits provided by the said Compensation Act and amendments thereto: provided, however, that such injured employee or his legal representatives execute a general release on the form adopted by the Company in consideration of the payment of such compensation benefits, releasing his employer and the company from any and all liability due to such accident, and shall, as an additional consideration for the payment of such compensation benefits, execute an assignment to the Company of any right of action against any third party for injury for which compensation benefits are paid by the Company, it being understood that if the Company shall recover a greater amount than said compensation and benefits allowed by the said Compensation Act, the said excess, after deduction of cost and expense of the recovery, shall be given to such injured employee.

"Provided, further, that if an employee covered by this policy shall elect to receive compensation he shall have a direct right of action against the Company should any dispute arise as to the amount of compensation due. Election by the employee to institute suit at law for damages against the employer shall at the option of the Company forfeit the right of the employee to receive the benefits herein provided for.

"Provided, further, that the Company's total liability under the policy and/or this endorsement, shall under no circumstances exceed the limits stated in the policy.

"Provided, further, that this endorsement and policy (anything in this endorsement and policy to the contrary notwithstanding) does not cover or apply to any accident to any person employed by or engaged in work for the Assured contrary to the Laws as to the age of employment, or under fourteen (14) years of age where no statute restricts the age of employment.

"Provided, further, that the Company shall not be liable hereunder in any event for any injury (or death resulting therefrom) occasioned by or directly resulting from the intoxication of the injured employee, or intent or attempts of the injured employee to injure himself or another, and that as to any claim on the part of an employee or his dependents hereunder any defense that would be available under said Workmen's Compensation Act shall be equally available to the Company.

"This endorsement is attached to and made a part of Policy No. E. L. 1080577 (indemnity) issued to City of Corpus Christi, Texas. It takes effect at 12:01 A. M., Standard Time, at place of issue February 2, 1934, expires concurrently with the policy to which it is attached and is subject to all the conditions and provisions of said policy not inconsistent herewith."

It is conceded, and will be assumed for the purpose of this inquiry, that while engaged in the regular course of his employment with the city, one Joseph McCaleb, an employee of the city, received an accidental injury which ultimately resulted in his death. Subsequently his widow, Eva McCaleb, brought this original suit, directly and solely against the Casualty Company, seeking to recover compensation, or damages, in the amount prescribed in the Compensation Act for the death of employees of subscribers, to be computed as in said act provided, and to be reduced to a lump sum for causes, and upon the basis, therein prescribed. Specifically, the widow sought damages in the sum of 60 per cent. of the average weekly wage of her husband for a period of 360 weeks, his average wage to be ascertained, alternatively, according to the formula prescribed in part 4, 1st subdivisions 1, 2, and 3, of section 1, article 8309, R.S. 1925. And she sought to have the amount of compensation so ascertained to be reduced to a lump sum, as provided in section 15a, article 8306, R.S. 1925. She did not implead the city.

The trial court sustained the Casualty Company's plea in abatement to the suit, which was accordingly dismissed, and Mrs. McCaleb has appealed. Mrs. McCaleb and the Casualty Company will be referred to in this appeal as plaintiff and defendant, respectively, as in the trial court.

■ The Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., was enacted for the general purpose of insuring and regulating the award of compensation to employees of subscribing employers accidentally injured in the course of their employment. Its effect is reciprocal, in that, upon the one hand, it takes away from the subscriber certain defenses in suits brought against him by employees for personal injuries incurred in line of duty, and, upon the other hand, restricts the amount of compensation recoverable by the employee in such cases, in derogation of his rights under the common law. And the act prescribes a particular procedure through which claims for compensation must pass, as a condition entitling the employee to enforce his claim in the courts.

The act defines an "employer" as any entity "that makes contracts of hire," section 1, part 4, article 8309, R.S. 1925, and provides that "any employer of labor in this State may become a subscriber," section 7, part 3, article 8308, as amended, Vernon's Ann.Civ.St. art. 8308, § 7, although by express terms the act is not applicable to domestic servants, farm and ranch laborers, employees of common carriers by rail, and employees of concerns employing less than three persons other than those so exempted. Section 2, part 1, article 8306.

■ It will be seen from the foregoing provisions that municipal corporations come within the statutory definition of "employer," as contemplated in the Compensation Act, and it now appears to be settled that the act applies to such corporations, rendering them eligible as subscribers under the act, subject to the limitation hereinafter noticed. Southern Cas. Co. v. Morgan, Tex.Com.App., 12 S.W.2d 200; Great American Ind. Co. v. Blakey, Tex.Civ.App., 107 S.W.2d 1002.

The act creates the "Texas Employers' Insurance Association" as a "body corporate with the powers provided in this law and with all general corporate powers incident thereto." Part 3, section 1, article 8308, R.S. 1925. The Association is made to consist of employers of labor who are subject to the provisions of the act, and who, by subscribing to the capital stock of the Association, become subscribers thereto. Upon payment of the required premium by the subscriber, the Association becomes the carrier of insurance for the benefit and protection of the employees of such subscriber. The employees, by accepting that protection in the manner prescribed by the act, in turn become bound by the provisions of the act, and must look to those provisions for relief in case of injury. Part 1, section 1, article 8306, R.S. 1925.

■ It has been decided that said Texas Employers Insurance Association, provided for in the act, is a mutual association, of which the subscribers are stockholders, and that under the constitution a municipal cor-

poration, such as, for instance, the city of Corpus Christi, may not lawfully become a subscriber of that Association, because of its mutual character. City of Tyler v. Texas Employers' Ins. Ass'n, Tex.Com.App., 288 S.W. 409.

But, it is further provided in the act, in effect, that any insurance company lawfully transacting business in this state shall have the same right as the Texas Employers Insurance Association to insure the liability of employers, in which case the insurance company becomes subject to the same rights, privileges, restrictions, penalties, and liabilities as the Association. Section 2, part 4, article 8309.

And it has been decided, in effect, that municipal corporations may insure their employees, under the provisions of the act, in a nonmutual, or "old line," company, and thereby acquire all the benefits, and assume all the responsibility, of a lawful subscriber under the act, Southern Cas. Co. v. Morgan, supra; Great American Ind. Co. v. Blakey, supra.

In short, under the authorities cited, the city of Corpus Christi is eligible, as any other employer of labor, to become a subscriber under the act, provided it procures a nonmutual insurance company, instead of the Employers Insurance Association, or other mutual concern, to carry the insurance to protect its employees.

The result is that the city of Corpus Christi was eligible to become a subscriber under the act, by employing a nonmutual insurance company to carry its insurance. The act provides that where an employer is eligible to become a subscriber, but elects not to subscribe, he shall be liable for injuries to his employees resulting from his negligence, but that it may not defend suits of employees, in such cases, upon the grounds of contributory negligence, negligence of fellow servants, or assumed risk. Part 1, section 1, article 8306.

Now, in this case, neither party alleged below, or contends here, that the city was a subscriber within the contemplation of the act; the contrary is assumed by both parties, and we must assume it in this decision. Even if the city were a subscriber, plaintiff could not recover in this action under or by virtue of the provisions of the act, since she concedes that she did not first prosecute her claim before the Industrial Accident Board, before instituting this original suit in the district court.

Nor can she recover, in this action, upon the common-law liability of the city, because she did not implead the city in the case. She sued the insurance company alone.

She is relegated, then, to her suit, directly and solely against the insurance company, upon the hereinabove quoted rider, attached to the indemnity policy issued to the city. If she cannot recover upon express, or necessarily implied, provisions of that rider, she cannot recover at all in this action.

If the annexed rider be honestly and liberally construed in favor of the assured, the apparent purpose of the parties was to afford protection to city employees injured in the line of duty; that they be compensated by the insurer in the same amounts as they would be entitled to if their employer had qualified as a subscriber under the Compensation Act. It must be assumed that the city had this very object in mind, for to assume anything less than that would be to convict the city of consciously paying out public funds to the insurance company as a futile gratuity. We must further assume that the insurance company made the contract embraced in the rider for the same object; for to assume otherwise would be to convict the company of consciously inducing and accepting premiums for a service it did not intend, and now refuses, to perform.

The difficulties of the case arise, first, from the attempted joinder of some of the provisions of the Compensation Act with the extraneous contract of insurance; and, second, from the vague, ambiguous, and loosely contrived provisions, affirmative and omitted, of the contract itself. Specifically, the contrivance seeks, albeit vaguely and loosely, to adopt or effectuate some of the major provisions and objects of the Compensation Act for the benefit of the employees of the city, and at the same time and in the same instrument evade, avoid, reject, and disregard some of the insurer's liabilities, responsibilities, penalties, and procedure made requisite by the act, as a condition to participation in its benefits and protection by the employee, or his beneficiaries, if beneficiaries were intended to be protected.

For examples: (1) It is provided in the contract sued on that the protection so lengthily heralded therein was available only to those employees to whom the provisions of the Compensation Act "are not applicable," whereas, that act was applicable

to the employee McCaleb, and probably to all the city's employees, since the city is eligible as a subscriber under the act. (2) It is doubtful, if at all inferable from the terms of the rider, that the protection provided for employees inured to the benefit of injured employees' legal heirs or beneficiaries, in case of death from injury. (3) It is doubtful, if at all inferable from the terms of the rider, that injured employees, or their beneficiaries in case of death from such injuries, may sue the insurance company directly, with or without joinder of the city. (4) It is doubtful, if at all inferable from the provisions of the rider, that the insurer could be held answerable for injury to employees unless such injury be chargeable to the negligence of the city. If the parties had deliberately set about to defeat the purported object of the contract by the use of confusing, contradictory, and befuddling devices—which cannot be assumed here— they could hardly have conceived trickier clauses than those employed in this contract.

We are of the opinion that plaintiff failed to show a right of recovery. She was undoubtedly restricted in her rights to the provisions of the rider attached to the indemnity contract between the city and the insurance company, which upon its face does not inure to her benefit; does not warrant her suit directly against the company; was not "applicable" to her husband; did not assume liability for injuries to her husband unless, in any event, such injuries were sustained through the negligence of the city.

Moreover, the contract was rendered void, by express condemnation in the Compensation Act. Part 1, section 12h, article 8306. By that section it is provided (paragraphing ours):

"[a] Every contract or agreement of an employer, the purpose of which is to indemnify him from loss or damage on account of the injury of an employee by accidental means or on account of the negligence of such employer or his officer, agent or servant, shall be absolutely void unless it also covers liability for the payment of the compensation provided for by this law.

"[b] This section shall not apply to employers of labor who are not eligible under the terms hereof to become subscribers thereto, nor to employers whose employees have elected to reject the provisions of this law, nor to employers eligible to come under the terms of this law who do not elect to do so, but who choose to carry insurance upon their employees independently of this law and without attempting in such insurance to provide compensation under the terms of this law.

"[c] Any evasion of this section whereby an insurance company shall undertake, under the guise of writing insurance against the risk of the employers who do not see proper to come under this law, to write insurance substantially or in any material respect similar to the insurance provided for by this law shall render such insurance void as provided for in this section."

When paragraph (a) of section 12h is considered alone, it seems to authorize the contract here sued on, since it at least purports to cover "liability for the payment of the compensation provided for by this law."

But that section is rendered inapplicable to this contract by the express provision in paragraph (b), that "this section" (12h) shall not apply to "employers eligible to come under the terms of this law who do not elect to do so, but who choose to carry insurance upon their employees independently of this law and without attempting in such insurance to provide compensation under the terms of this law." The contract sued on is a clear evasion of the provisions of paragraph (b), for, while it purports to "provide compensation under the terms of this law," yet it hedges those provisions about with such evasions, restrictions, and uncertainties as to render them inoperative and a travesty upon the act, which voids the contract under the express condemnation of paragraph (c), above set out.

It is not clear that defendant's plea in abatement was an appropriate remedy with which to reach all the defects in the suit, as herein pointed out; but it was sufficient upon the grounds that the provisions of the contract did not authorize plaintiff to prosecute this suit, and did not authorize, in any event, a direct suit against the defendant, either by the employee for his injuries, or his widow for his death.

The question of estoppel is not presented in this appeal.

The judgment is affirmed.