# Eva McCaleb v. Continental Casualty Company.

No. 7401.  Decided May 18, 1938.
Rehearing overruled November 9, 1938.
(116 S. W., 2d Series, 679.)

*Fred H. Woodard* and *Kleberg, Eckhardt & Lowe,* all of Corpus Christi, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that municipal corporations come within the statutory definition of employer as contemplated in the Workmen's Compensation Act because municipalities are exempt from the provisions of said act and are not subject thereto unless they voluntarily subject themselves to it by becoming subscribers. Georgia Casualty Co. v. Lackey, 294 S. W. 277; Russell v. Farquhar, 55 Texas 355; Edwards v. Morton, 92 Texas 152, 46 S. W. 792.

*Keys & Holt,* of Corpus Christi, for defendant in error.

*Black, Graves & Stayton,* of Austin, filed brief as amicus curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case presents principally two questions: (1) Do municipal corporations come under the provisions of the Workmen's Compensation Law, Article 8306 et seq., Revised Civil Statutes; and (2) can a municipal corporation take out an insurance policy in an old line insurance company to protect its employees by insurance against injuries, without complying with the Workmen's Compensation Law?

Eva McCaleb filed this suit against the Continental Casualty Company, as the insurance carrier for the City of Corpus Christi, alleging that it had issued a policy of insurance to said city, whereby it agreed to pay the employees of said city, and their beneficiaries, benefits equal to those provided for in the Workmen's Compensation Law. She sued as the beneficiary of the deceased employee, killed in the line of duty, and while the policy was in force. She sought judgment for the sum of $12 per week for 360 weeks, reduced to a lump sum and discounted at six per cent., and for interest. The city was not made a party to the suit. The trial court sustained a plea in abatement filed by defendant. The case was appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 113 S. W. (2d) 347. This Court granted a writ

of error to review the opinion of the Court of Civil Appeals.

The parties will be designated as they were in the trial court.

Plaintiff's main contentions are that the Court of Appeals erred in holding: (1) that municipal corporations come within the statutory definition of employer as contemplated in the Workmen's Compensation Law; (2) that the policy of insurance issued to the city was not applicable to the deceased or his surviving wife; and (3) that the plea in abatement pleaded by defendant was properly sustained.

Section 7 of Article 8308 of the Workmen's Compensation Act reads: "Any employer of labor in this State who may be subject to the terms of this Law or to the terms of the 'Longshoremen's and Harbor Worker's Compensation Act' of the United States may become a subscriber to the Association. (Acts 1917, p. 269; Acts 1931, 42nd Leg., p. 289, ch. 170, Section 1.)"

Under Section 1 of Article 8309 is found the following definition of "employer": " 'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that makes contracts of hire."

In 1913 the Attorney General's Department of this State advised the Industrial Accident Board that the Workmen's Compensation Law, then recently enacted, did not apply to municipal corporations. Attorney General's Opinions, 1912-1914, p. 437.

In 1926 the question reached this Court, and it was first held that the Workmen's Compensation Law applied only to ordinary private corporations, and that the law did not apply to cities, towns, or municipal corporations. City of Tyler v. Texas Employers' Ins. Assn., (Com. App.), 288 S. W. 409, Id., 294 S. W. 195; see also Southern Casualty Co. v. Morgan (Com. App.), 12 S. W. (2d) 200; Adkinson v. City of Port Arthur (Civ. App.), 293 S. W. 191, writ of error refused; Brooks v. State (Civ. App.), 68 S. W. (2d) 534, writ of error refused; 45 Tex. Jur., p. 455, Section 69, and cases cited. It was also held that by virtue of Section 52 of Article 3 of our Constitution municipal corporations could not take out a policy of insurance in a mutual insurance company which would require a city to become a member of or stockholder in such insurance company. However, on the other hand, it was held that cities could carry insurance issued by old line companies in favor of their employees, irrespective of the fact that the

insurer measured its liability by applicable provisions of the Workmen's Compansation Law. Southern Casualty Co. v. Morgan (Com. App.), 12 S. W. (2d) 200, Id., 16 S. W. (2d) 533; Maryland Casualty Co. v. Rutherford (C. C. A. Texas), 36 Fed. (2d) 226; 45 Tex. Jur., pp. 455-457, Sec. 69; Tex. Jur., pp. 527-529, Sec. 29.

On November 3, 1936, an amendment to the Constitution of Texas (Article 3, Section 59) was adopted, giving the Legislature the power to enact "such laws as may be necessary to provide for Workmen's Compensation Insurance for such state employees, as in its judgment is necessary or required; and to provide for the payment of all costs, charges, and premiums on such policies of insurance; providing the State shall never be required to purchase insurance for any employee."

■ It will be noted that the Texas Workmen's Compensation Act was first construed in 1913 by the Attorney General's Department, and then in 1926 by this Court, and it was held that the law did not cover cities, towns, or municipal corporations. Since that time the Legislature has been in session many times, and has seen fit to amend other provisions of the law; but the provisions above construed remain unchanged. This Court would not be justified in holding now that the law as written applies to cities, towns, and municipal corporations; and the Court of Civil Appeals erred in so holding.

The Continental Casualty Company issued to the City of Corpus Christi an indemnity insurance policy to protect the city "against loss from liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered" by its employees in the course of their employment. A rider, entitled "Voluntary Compensation Endorsement," is attached to the policy. Since this suit turns mainly on the construction of the provisions contained in the rider, we set out practically the entire instrument. The pertinent parts read as follows:

"In consideration of the premium for which this policy is written, it is hereby understood and agreed that the Company will pay to any employee of the Assured within the State of Texas to whom the benefits of

"The Workmen's Compensation Law of the State of Texas, and all laws amendatory thereof, which may be or become effective while this Policy is in force, are not applicable, and who may be injured by accident arising out of and in the course of his employment, benefits equal to the benefits pro-

vided by the said Compensation Act and amendments thereto; provided, however, that such injured employee or his legal representatives execute a general release on the form adopted by the Company in consideration of the payment of such compensation benefits, releasing his employer and the company from any and all liability due to such accident, and shall, as an additional consideration for the payment of such compensation benefits, execute an assignment to the Company of any right of action against any third party for injury for which compensation benefits are paid by the Company, it being understood that if the Company shall recover a greater amount than said compensation and benefits allowed by the said Compensation Act, the said excess, after deduction of cost and expense of the recovery, shall be given to such injured employee.

"Provided, further, that if an employee covered by this policy shall elect to receive compensation he shall have a direct right of action against the Company should any dispute arise as to the amount of compensation due. Election by the employee to institute suit at law for damages against the employer shall at the option of the Company forfeit the right of employee to receive the benefits herein provided for.

"Provided, further, that the Company's total liability under the policy and/or this endorsement, shall under no circumstances exceed the limits stated in the policy.

"Provided, further, that this endorsement and policy (any thing in this endorsement and policy to the contrary notwithstanding) does not cover or apply to any accident to any person employed by or engaged in work for the Assured contrary to the Laws as to the age of employment, or under fourteen (14) years of age where no statute restricts the age of employment.

"Provided, further, that the Company shall not be liable to such employees for any penalty or fine provided for by the said Compensation Act and amendments thereto, anything in the policy and endorsement to the contrary notwithstanding.

"Provided, further, that the Company shall not be liable hereunder in any event for any injury (or death resulting therefrom) occasioned by or directly resulting from the intoxication of the injured employee, or intent or attempts of the injured employee to injure himself or another, and that as to any claim on the part of an employee or his dependents hereunder any defense that would be available under said Workmen's Compensation Act shall be equally available to the Company.

"This endorsement is attached to and made a part of Policy

No. E. L. 1080577 issued to City of Corpus Christi, Texas. It takes effect at 12:01 A. M., Standard Time, at place of issue February 2, 1934, expires concurrently with the policy to which it is attached and is subject to all the conditions and provisions of said policy not inconsistent herewith."

It is undisputed that Joseph McCaleb, an employee of the City of Corpus Christi, while engaged in the regular course of his employment, received an accidental injury, which ultimately resulted in his death. His widow, Eva McCaleb, brought this suit against the Continental Casualty Company for the amount of damages or compensation prescribed in the Workmen's Compensation Law for the death of an employee, to be computed as provided for in the law, and to be reduced to a lump sum, as is also provided for therein. She asked for 60 per cent. of the average weekly wage of her husband for a period of 360 weeks, his average wage to be ascertained as prescribed in subdivisions 1, 2 and 3 of Section 1 of Article 8309. She asked that such compensation so ascertained be reduced to a lump sum as provided for in Section 15a of Article 8306. She did not sue the city. The defendant filed a plea in abatement to the suit, which was sustained by the trial court.

While it has been held that the Workmen's Compensation Act does not apply to cities, and that Section 52 of Article 3 of the Constitution prohibits a city from becoming a member of a mutual insurance association whose subscribers are stockholders in such company, such as the Texas Employers' Insurance Association, it has also been held that such provision of the Constitution does not prohibit a city from taking out employer's liability insurance in an old line insurance company. Nor can liability to an employee of a city who accepts insurance thereunder be defeated on the ground that such contract is illegal or ultra vires as to the city. The insurer is estopped from denying the validity of the contract as to the employee where it collects and retains premiums thereon. 30 Tex. Jur., pp. 528, 529, Sec. 291, and cases cited in notes; 32 C. J., p. 1351, Sec. 631, and cases cited in notes.

When the provisions of the policy are considered as a whole, in connection with all the facts and circumstances surrounding the issuance and acceptance of same, the subject matter of the contract, and the purpose the parties had in mind at the time, it clearly appears that the insurance company and the city had certain main objects in view; to-wit, (1) to pay to the employees of the city, when injured in the course of their employment, certain compensation, provided

that the Workmen's Compensation Law of Texas, together with the amendments thereto, shall not be applicable; (2) that the amount of benefits to be paid the employees thereunder shall be equal to the benefits provided by the Workmen's Compensation Law and amendments thereto; (3) that the employees covered by the policy shall have a direct right of action against the insurance company, should any dispute arise as to the amount of compensation due; (4) that if the employee elects to file suit for damages against the city, the company may forfeit the right of the employee to receive the benefits provided for therein; and (5), that in case of the employee's death, the cause of action inures to the beneficiaries of the deceased, who may maintain a suit therefor.

■ The policy contains other provisions and exceptions, not pertinent to a decision of the question before us. It is evident from the wording of the policy that the insurance company and the city realized that the provisions of the Workmen's Compensation Law did not apply; and the policy so stated. It is also manifest that the policy issued was intended to adopt the provisions of the Workmen's Compensation Act as the standard by which the amount to be paid the employees, if injured, should be computed. There is nothing to prevent the insurer and the city from adopting such a provision of the law. It was not necessary to resort to the Industrial Accident Board for an award of the amount due, for it had been expressly stated that such provisions of the law would not be applicable.

■ In construing the language used in a policy, if it is ambiguous or contains inconsistent terms, in order to arrive at the true intention of the parties expressed therein, the well-known rule that insurance contracts should be construed strictly against the insurer, and in favor of the insured, will control. Commonwealth Bonding & Casualty Co. v. Bryant, 113 Texas 21, 240 S. W. 893; Brown v. Palatine Ins. Co., 89 Texas 590, 35 S. W. 1060; Kemper v. Police & Firemen's Ins. Assn. (Com. App.), 44 S. W. (2d) 978; 24 Tex. Jur., pp. 702-711; 32 C. J., p. 1152, Sec. 265.

■ In the rider attached to the policy we find such expressions as: *"injured employee or his legal representatives"*; *"any injury (or death resulting therefrom)"*; and *"an employee or his dependents."* When the foregoing language is given a reasonable construction, it is quite manifest that the parties contemplated that the policy should give protection to the deceased employee's beneficiaries, as named in the Workmen's Com-

pensation Law. The policy further provided that, should any dispute arise as to the amount of compensation due, the employee "shall have a direct right of action against the company." This language clearly gives the employee or his beneficiaries the right to file suit against the insurance company, without also making the city a party to such suit.

This is not a suit on the main policy alone, and such decisions as Grasso v. Cannon Ball Motor Freight Lines et al., 125 Texas 154, 81 S. W. (2d) 482, and Bluth v. Neeson, 127 Texas 462, 94 S. W. (2d) 407, which hold that the right of action against the defendant on the main policy would arise only after judgment had been obtained against the city, do not apply.

In this case the City of Corpus Christi did not undertake to become a subscriber under the Workmen's Compensation Act, and we know of no rule that would prevent the insurance company from making, and the city from accepting, such policy. The rider attached to the main policy, by express provisions, gives the employee, or his beneficiaries, the right to maintain the suit against the insurance company. If the insurance company saw fit to execute a policy to the city as an accident group policy, for the benefit of its employees and their beneficiaries, and accepted premiums therefor, the company cannot question the validity of such contract. The rider contains the following language:

"* * * the Company will pay to any employee of the insured * * * *who may be injured by accident* arising out of and in the course of his employment benefits *equal to* the benefits provided by the said Compensation Act * * *." (Emphasis ours.)

The language used in the main policy and in the rider attached thereto shows that it was the real intention of the insurance company to insure the employees of the city against accidental injury sustained while in the course of their employment; and it is the duty of courts to construe liberally such policy, so as to effectuate the purposes for which it was issued, and so as to uphold, rather than to defeat, the purposes expressed therein. 32 C. J., p. 1152.

Therefore the beneficiaries of the deceased employee have the legal right to maintain a cause of action arising under the above-mentioned policy, and it was error to sustain defendant's plea in abatement.

The judgments of the District Court and of the Court of

Civil Appeals are reversed, and this cause is remanded to the trial court for another trial.

Opinion delivered May 18, 1938.

Rehearing overruled November 9, 1938.