

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. D. Hall
County Attorney
Refugio County
Refugio, Texas

Dear Sir:

Opinion No. O-5237
Re: Whether admissions charged for
dances given in the Municipal
Building, for purpose of raising
revenue to retire bonds which
were issued to build the build-
ing, are taxable under Article
7047a-19, V. A. C. S.

We received your letter dated April 14, 1943, which
is self-explanatory and reads as follows:

"The Town of Refugio is the owner of a Municipal
Building containing a large auditorium in the second story.

"Occasionally dances are given for the purpose of
raising money to retire bonds which were issued to build
the building.

"Is the Town of Refugio required to pay the Admis-
sion Tax imposed under Article 7047a-19 of the Revised
Civil Statutes of Texas, especially when the charges for
admission are more than 51¢ per person?'

Article 7047a-19, V. A. C. S., reads, in part, as
follows:

"Every person, firm, association of persons, or corp-
oration owning or operating any place of amusement which
charges a price of fee for admission, including exhibitions

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in theaters, motion picture theaters, opera halls, and including horse racing, dog racing, motorcycle racing, automobile racing, and like contests and exhibitions, and including dance halls, night clubs, skating rinks, and any and all other places of amusements not prohibited by law, shall file with the State Comptroller a quarterly report on the 25th day of January, April, July, and October for the quarter ending on the last day of the preceding month; said report shall show the gross amount received and the price or fee for admission; provided, however, no tax shall be levied under this Act on any admission collected for dances, moving pictures, operas, plays, and musical entertainments, all the proceeds of which inure exclusively to the benefit of State, religious, educational, or charitable institutions, societies, or organizations -- if no part of the net earnings thereof inures to the benefit of any private stockholder or individual; and provided further, that theaters, motion picture theaters, operas, plays, and other like amusements where the admission charge is less than fifty-one (51) cents per person, and where no tax is due hereunder, shall be relieved from the filing of a report and the payment of a tax levied under the provisions of this Section. Said person, firm, association of persons, or corporations, at the time of making such report shall pay to the Treasurer of this State a tax in rates and amounts as follows:

". . . . ."

It is to be noted that the tax provided by Article 7047a-19, supra, is imposed on every person, firm, association of persons, or corporation. (Underscoring ours). In the case of City of Tyler, vs. Texas Employers Ins. Ass'n. 288 S. W. 409, the Commission of Appeals of Texas, speaking through Judge Speer, had this to say concerning the question of whether incorporated cities and towns in this State were within the terms of the Workmen's Compensation Act:

"Ordinarily words are used in their common acceptation and should be given that meaning unless a contrary intention appears. The ordinary meaning of the word 'corporation' is private corporation, and the use by the Legislature of the word 'corporation' in the act under consideration should be held to refer only to private corporations, unless it can be said the larger use of the word were intended. This rule of construction finds abundant authority in the limited powers of municipal corporations. They possess only such powers

as are expressly conferred or necessarily implied in their charter. The Legislature too has shown a disposition to treat private corporations and municipal corporations as separate things."

In this connection, see McCaleb vs. Continental Casualty, 132 Texas 65, 116 S. W. (2d) 679.

We quote from the case of City of El Paso vs. State, 135 S. W. (2d) 763 (Court of Civil Appeals) as follows:

"(3) Having theretofore specifically exempted municipal corporations from all forms of property taxes, and at least three specific forms of excise taxes, it can be argued with sound reason that the framers of the constitution intended to establish a policy or principle that the State should never impose any sort of taxes upon its municipal corporations. A decision in the instant case, however, need not go that far, because under the rule of statutory construction applicable, it must be held that since the tax statute did not by clearest words include municipal corporations, or impose the tax upon them, the legislature did not intend to impose the tax upon them. This rule is stated in Vol. 1, Chap. 2, Sec. 91, p. 217, Cooley on Taxation, as follows: 'General tax statutes of a state are never, without the clearest words, construed to include its own property or that of its municipal corporations, although not in terms exempted from taxation. This rule is sometimes referred to as an implied restriction on the power to tax, although in reality it would seem that it is not a limitation at all but merely a rule of construction of tax statutes.'"

The Supreme Court of Texas granted a writ or error in the City of El Paso case and its opinion by Justice Critz, 135 Texas 359, 143 S. W. (2d) 366, had this to say:

"We are aware of the fact that it is a general rule of statutory construction that a tax imposed by law upon corporations, will not be held to be imposed upon municipal corporations unless the intent to do so clearly appears, or, stated in another way, if free from doubt."

While it is true that the opinion of the Supreme Court imposed the tax on the City of El Paso, the problem presented in

Honorable K. D. Hall, Page 4

that case is somewhat different from the one presented here. In the El Paso case, the Court was of the opinion that the result which would have been caused by exempting the City of El Paso from the motor fuel tax was not intended by the Legislature. We quote further from the opinion by Justice Critz.

"To hold that a city can purchase motor fuel outside the State and escape the user tax, would be to hold that the Legislature has deliberately enacted a law which would, for all practical purposes, prevent dealers within the State from selling motor fuel to cities and other governmental agencies. We do not believe that the statutes evidence any such intent."

Excluding incorporated cities and towns from the admission tax statute will not cause such discriminating results as would have occurred in the El Paso case, supra. We have carefully examined Article 7047a-19, supra, and nowhere therein do we find any language evidencing the clear intention of the Legislature to include incorporated cities or towns within the group subject to the tax. On the basis of the assumption that the Town of Refugio is an incorporated city or town and that it actually gives the dances in question, we are of the opinion that it is not liable for the payment of the admission tax as is provided by Article 7047a-19, supra.

We appreciate receiving your brief on this question in which you point out that the admission tax law might be an occupation tax and, because of that fact, the Town of Refugio is exempted therefrom by Section 1, Article 8 of the Constitution of Texas. We are somewhat doubtful of this position due to the fact that the only case that we were able to find on this question, Ringling Bros. vs. Shepperd, 123 Fed (2d) 773 by the Fifth Circuit Court of Appeals, indicated that the admission tax statute in question is neither an ad valorem nor an occupation tax.

We enclose a copy of our Opinion No. 0-2064 which is for your information.

We trust that we have satisfactorily answered your inquiry.

Yours very truly

APPROVED MAY 20, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By

Lee Shoptaw
Assistant

LS:pm
LS/JP
Encls.

APPROVED
Opinion Committee
By B. W.B., Chairman