## HARTFORD ACCIDENT & INDEMNITY CO. v. MORRIS.

### No. 12158.

Court of Civil Appeals of Texas. San Antonio.

Sept. 20, 1950.

Rehearing Denied Oct. 18, 1950.

Cox, Patterson & Freeland, McAllen, for appellant.

Deane C. Watson, and Rankin, Kilgore & Cherry, all of Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Hugo M. Morris against the Hartford Accident and Indemnity Company, seeking to recover compensation as an employee of the City of Edinburg. The case was tried to a jury and resulted in judgment for plaintiff who recovered the sum of $6,994.86, together with a 12% penalty and attorney's fees, from which judgment the Hartford Accident and Indemnity Company has prosecuted this appeal.

■ Appellant's brief presents twenty-nine points. Points 1 to 10, inclusive, and 11, 17, 18, 19 and 25, are grouped and presented together under one statement and one argument. It is not necessary to set out all of these points, but it may be said that they present the contention that the insurance policy herein sued upon was one of indemnity and not in the nature of a workmen's compensation liability insurance policy. The insurance policy sued on, together with the endorsements thereon, is rather lengthy and consumes some forty-three pages of the statement of facts. We will not here attempt to set out the entire policy. The policy is endorsed, Standard Workmen's Compensation and Employer's Liability Policy. After reading the entire policy and the endorsements thereon, we have come to the conclusion that the City of Edinburg and the Insurance Company entered into the contract of insurance for the purpose of furnishing workmen's compensation to the employees of the City of Edinburg. It is true that some of the provisions of the insurance policy are somewhat inconsistent with the provisions of the endorsements placed thereon, but in this connection we agree with what Judge Sharp had to say in McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679, 682, as follows: "In construing the language used in a policy, if it is ambiguous or contains inconsistent terms, in order to arrive at the true intention of the parties expressed therein, *the well-known rule that insurance contracts should be construed strictly against the insurer, and in favor of the insured, will control.*"

We are aware of the fact that in the City of Tyler v. Texas Employers' Insurance Association, Tex.Com.App., 288 S.W. 409, the Supreme Court held that a city could not become a subscriber for workmen's compensation in the Texas Employers' Insurance Association, because it was a mutual company and that thus the city would be extending its credit to the corporation. In Southern Casualty Company v. Morgan, Tex.Com.App., 12 S.W.2d 200, the Supreme Court held, in effect, that a city could become a subscriber under the Workmen's Compensation Act of Texas, art. 8306 to art. 8309, provided it did so in an old line legal reserve insurance company and not a mutual company. Appellant cites Great American Indemnity Company v. Blakey, Tex.Civ.App., 107 S.W.2d 1002, 1006, as being to the contrary. Apparently appellant has overlooked what was said in that case on motion for rehearing. We here copy what was said in that case on motion for rehearing, which is self-explanatory, to wit:

"Appellee, in his motion for rehearing, has called to our attention the case of Southern Casualty Company v. Morgan (Tex.Civ.App.) 299 S.W. 476, affirmed (Tex.Com.App.) 12 S.W.2d 200.

"We are convinced from a reading of these two opinions that a municipal corporation, such as the City of Corpus Christi, may become a subscriber under the Workmen's Compensation Law of Texas, provided the insurance is not carried in a mutual insurance concern. It also seems clear that even though a municipal corporation should carry workmen's compensation insurance in a mutual company, that, after the policy has been issued, the premiums paid, and the terms of the policy accepted by an employee, in a suit between an injured employee and the insurance company, such company would be estopped to plead that the insurance policy was void because the city had exceeded its authority in entering into the contract of insurance.

"The fact that the city may become a subscriber under the Workmen's Compensation Law removes all doubt from our mind as to appellee's petition being subject to general demurrer for its failure to either allege that the city was a subscriber under the Workmen's Compensation Law or that appellee's injury was the result of the negligence of the agents or employees of appellant, City of Corpus Christi. If the city may become a subscriber, there is no reason for any exception to the rule stated in article 8306, section 1, subdivision 4, R.C.S. 1925".

■ The authorities are now uniform that a city may subscribe for Workmen's compensation insurance for its employees provided it does so in an old line legal re-

serve company. McCaleb v. Continental Casualty Company, 132 Tex. 65, 116 S.W.2d 679; Great American Indemnity Company v. Blakey, Tex.Civ.App., 151 S.W.2d 318.

The policy of insurance issued by the Hartford Company in this case was in the nature of a workmen's compensation insurance policy for the protection of the employees of the City of Edinburg, and Hugo M. Morris, being an employee of that City at the time he received his injuries, was entitled to sue the insurance company for compensation, and his petition stated a good cause of action.

Appellant next contends that appellee did not properly discharge the burden of proof resting upon him to establish his average weekly wage under subdivisions 1, 2 and 3, of section 1, Article 8309, Vernon's Ann. Civ.Stats. This contention is presented by grouping appellant's points Nos. 1, 2, 20, 21, 25 and 26, which are alleged to be based upon paragraphs 11, 23, 24, 37, 38, 43, 44, 45, 48, 50, 51, 52, 55, 56 and 58 of his amended motion for a new trial.

Upon this question the trial judge made the following findings as a part of his judgment, to wit: "And it having appeared that by reason of the shortness of the time of the employment of the Plaintiff, or other employees engaged in the same class of work that Plaintiff was doing when injured, and that there were no other employees of the same class as the Plaintiff at the time of his injury who had worked in the same or similar employment, in the same or neighboring place for substantially the whole of the preceding year immediately prior to Plaintiff's injury, and that it was, therefore, impossible to compute the average weekly wage of Plaintiff under either Section 1 or Section 2 of Article 8309 of the Revised Statutes of Texas."

This finding of the trial court is supported by sufficient evidence. The evidence shows that appellee had not worked for the City of Edinburg for substantially a year next preceding the time of his injury. With reference to the average weekly wages of other persons performing the same or similar work in the same neighborhood, the evidence shows that the average weekly wage for work of this character in this and neighboring localities for the same or similar type of work was an average of about $60 per week. However, the evidence further shows that the duties and work of other persons engaged in the same type of sewer work for other municipalities in similar localities were different from those of appellee. This evidence, while slight, was sufficient to make a prima facie showing that appellee's average weekly wage could not be computed under said Subdivision 2, and would support the finding of the trial judge to that effect. Texas Employers' Insurance Association v. Locke, Tex.Civ.App., 224 S.W.2d 755; Federal Underwriters Exchange v. Porterfield, Tex.Civ.App., 182 S. W.2d 847; Service Mutual Insurance Company of Texas v. White, Tex.Civ.App., 138 S.W.2d 273; American Surety Company of New York v. Underwood, Tex.Civ.App., 74 S.W.2d 551; Federal Underwriters Exchange v. Arnold, Tex.Civ.App., 127 S.W. 2d 972; Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031.

Appellant further contends, however, that even if the evidence was sufficient to make out a prima facie case, then such matter should have been submitted to the jury, inasmuch as the evidence was not conclusive. We overrule this contention. The record shows that the appellee did not request the submission of these issues to the jury, neither did the appellant except to the charge because such issues were not submitted. Under such circumstances the parties waive their right to have such issues submitted to the jury and the court may properly make findings of fact as to such matters. Rule 279, Texas Rules of Civil Procedure, provides in part as follows: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such re-

quest, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment."

In Jordan v. Collier, Tex.Civ.App., 223 S.W.2d 544, 547, the Court said: "In Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 190, 166 S.W.2d 904, our Supreme Court reversed the judgment of the Court of Civil Appeals and held the court erred in denying a plaintiff judgment because of the lack of a jury finding as to the highest market value of his wool converted by the defendant. This was an element of plaintiff's ground of recovery. It was an issue of fact. It was not submitted. Plaintiff did not request its submission. The defendant did not object to the failure of the court to submit the issue. The Supreme Court held that the trial court had the right to make a finding as to such market value and, since the judgment was for the plaintiff, it was presumed the trial court found it in such manner as to support the judgment. The precise point here presented seems to have been determined adversely to appellants in Rodriguez v. Higginbotham-Bailey-Logan Company, Tex.Civ.App., 172 S.W.2d 991, 993, writ ref."

See also Dakan v. Humphreys, Tex.Civ. App., 190 S.W.2d 371; Texas Employers' Ins. Ass'n v. Long, Tex.Civ.App., 180 S.W. 2d 629; International Brotherhood of Boiler Makers v. Rodriguez, Tex.Civ.App., 193 S.W.2d 835; City of Austin v. Johnson, Tex.Civ.App., 195 S.W.2d 222; Minchen v. Vernor's Ginger Ale Co., Tex.Civ.App., 198 S.W.2d 613; Bankers Standard Life Ins. Co. v. Atwood, Tex.Civ.App., 205 S.W.2d 74; Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124.

■ In the instant case it was a part of appellee's case to offer evidence and secure a finding as to his average weekly wage. He did offer evidence as to this matter and the court submitted a part of the issues relating thereto. If appellant felt there were other issues which should be passed upon by the jury it should have excepted to the charge because such issues were not submitted, and having failed to do so it is not now in a position to complain because such issue was not submitted to the jury but was found by the trial judge against it.

Appellant contends that we should pass upon this matter as fundamental error. Under the provisions of Rule 374, T.R.C.P., this Court can consider only error that has been properly assigned, with the one exception pointed out in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

■ Appellant next contends that the court erred in awarding the sum of $1,676.-79 as 12% damages and attorney's fees. We sustain this contention. This recovery was had under the provisions of art. 4736, Vernon's Ann.Civ.Stats. The article provides that it applies only to the holder of the insurance policy. Here the City of Edinburg was the holder of the policy and not appellee. Ocean Accident & Guarantee Corp. v. Northern Texas Transit Co., Tex. Civ.App., 224 S.W. 212.

Appellant next complains that in view of the fact that Dr. J. W. Maxwell testified that in his opinion an operation would restore appellee's ability to work, he could not recover for total and permanent disability without first agreeing to submit to an operation.

■ We overrule this contention. It is based upon the provisions of Section 12e, Article 8306, Vernon's Ann.Civ.Stats., which is a part of the Workmen's Compensation Law. The provisions of this section do not apply in the present case, as the Industrial Accident Board has no jurisdiction herein. City of Tyler v. Texas Employers Insurance Association, Tex.Com.App., 288 S.W. 409, and Southern Casualty Company v. Morgan, Tex.Com.App., 12 S.W.2d 200. But if said Section 12e should apply, then its provisions have not been complied with by either appellant or appellee, and for this reason alone the contention here made cannot be sustained.

Appellant's remaining points are either rendered immaterial by the above holding, or are without merit, and are therefore overruled.

Accordingly, the judgment of the trial court will be reformed so as to eliminate therefrom the recovery in the sum of $1,676.79, representing 12% damages and attorney's fee, and as thus reformed the judgment of the trial court is affirmed.

The costs of this appeal will be taxed one-half against appellant and one-half against appellee.