**COLUMBIA CASUALTY COMPANY,**
Appellant,

v.

**T. E. MAHANEY, Appellee.**

No. 15534.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1956.

Thos. H. Law, Fort Worth, Tex., Barwise, Magoffin & Carrigan, Fort Worth, Tex., Tilley, Hyder & Law, Fort Worth, Tex., for appellant.

Robert D. Maddox, Robert S. Newkirk, Fort Worth, Tex., McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit on a standard workmen's compensation and employers' liability insurance policy, containing a voluntary compensation endorsement that covers farm laborers. Thus, as stated by the court in Hartford Accident & Indemnity Company v. Morris, Tex.Civ.App., 233 S. W.2d 218, it is a suit on a policy in the nature of a workmen's compensation policy, because it extends the benefits of the Texas workmen's compensation laws, Vernon's Ann.Civ.St.Tex. art. 8306, § 1 et seq., to the injured employee, but does not give jurisdiction to the Industrial Accident Board.

The vountary endorsement on the policy agrees that if any person suffers what would have been a compensable injury under the Texas compensation law, had the injured person been an employee as defined in said act and engaged in employment included therein, the company will pay such person an amount equal to the compensation, medical and other benefits to which he would have been entitled if said act had been applicable to such injuries.

The appellee sustained accidental injuries resulting in total and permanent disabilities; written demand by him for the benefits due him under the contract was refused by the appellant; thereafter, appellee sued for the compensation and medical benefits allegedly due him under the contract, together with penalties in the form of interest and attorneys' fees allegedly allowable by the statute of Texas because of the refusal of

appellant to pay the benefits due under the contract. In addition to other pleadings, appellant moved to strike appellee's prayer for said interest and attorneys' fees, which motion was sustained by the trial court. The trial resulted in a verdict and judgment for appellee. An appeal was taken from this judgment.

The appellant contends that, under the plain terms of the policy, when appellee commenced an action at law for damages in excess of the benefits allowable, the liability, if any, of the appellant was terminated. This is appellant's sole assignment of error, and we think it is predicated upon an erroneous interpretation of a clause in the contract of insurance. The appellee submits that the clear and unambiguous import of the questioned provision is that he was forced thereby to elect between a common law action for negligence and a suit upon the contract. We agree with appellee; the latter having instituted the proper action, it then became the function of the court to determine the amount of benefits due under the contract and the extent of the damages.

We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.

RIVES, Circuit Judge (concurring specially, in which Judge HUTCHESON joins).

I have read the policy. The provision relied on by appellant is:

"This agreement is subject to the following conditions:

\* \* \* \* \*

"D. If any person entitled to the benefits provided by Section I hereof shall refuse to accept such benefits or if any person shall commence an action at law for damages (except for such benefits) against the Employer or the Company on account of such injuries, the Company's obligations and liability under Section I hereof are thereupon terminated."

The claims for statutory interest and attorney's fees, at first urged by appellee, but stricken by the court, may have been in excess of the benefits under the policy, but clearly, if recoverable, they were incidents to the policy construed in connection with the Texas statutes, and not "damages" as used in the forfeiture provision. A contrary construction denying to the courts jurisdiction to pass upon the amount recoverable on account of a breach of the policy would, I think, make the forfeiture provision invalid. See 2 Restatement, Contracts, § 551; 12 Am.Jur., Contracts, § 186; 17 C.J.S., Contracts, § 229. I concur with my brothers.