UTICA MUTUAL INSURANCE COMPANY, Plaintiff, *v.* ROBERT D. GLENNIE and Others, Defendants.

Supreme Court, Niagara County, October 9, 1928.

Insurance — liability insurance — action for declaratory judgment under Civil Practice Act, § 473 — one of defendants who was president of corporation, was injured while riding in automobile of corporation — action was brought by said defendant against corporation — present action is to have declared that said president is not covered by insurance policy — insurance policy specifically covers injuries to president.

One of the defendants, the president of the corporation, insured against liability by the plaintiff, was injured in an automobile accident through the alleged negligence of the corporation and commenced an action against it to recover damages. The plaintiff in this action, the insurer, seeks a declaratory judgment under section 473 of the Civil Practice Act to the effect that said president was not an employee of the corporation and was not covered by the policy of insurance.

The policy of insurance, according to its terms, not only covers employees of the insured, but also states that it applies " also to such injuries so sustained by the president, * * * if a corporation." Under the plain provisions of the policy itself, the president was covered by the policy, and the plaintiff is bound thereby and must defend the action brought against the corporation by the president.

ACTION for declaratory judgment.

*Babcock & Sullivan,* for the plaintiff.

*Cohn, Franchot, Runals & Robillard,* for the defendant Robert D. Glennie.

*John O. Chapin,* for the defendant Falls Equipment Company, Inc.

CHURCH, J.   This is an action brought for a declaratory judgment under section 473 of the Civil Practice Act, which provides: " The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment."

The particular relief asked for is a declaration that Robert D. Glennie, one of the defendants, was not an employee of the Falls Equipment Company, Inc. (another defendant), on August 1, 1925.

And a further declaration that the plaintiff is not under any obligation to pay any judgment that Robert D. Glennie might obtain in his action against the Falls Equipment Company, Inc., and Wilford S. Martin.

The complaint also asks for a declaration that the plaintiff owes no duty to defend the Glennie action against the said Falls Equipment Company, Inc., and for an injunction restraining the prosecution of said action, the complaint in which is annexed to the complaint herein and marked Schedule " B."

It appears from all the papers, proceeding and evidence in this case submitted to the court that the said Robert D. Glennie has begun an action, the complaint in which was verified on the 1st day of December, 1927, in the Supreme Court of Niagara county, against the Falls Equipment Company, Inc., and one Wilford S. Martin, to recover damages for injuries alleged to have been received while riding in an automobile owned by the defendant the Falls Equipment Company, Inc., and driven by the defendant Wilford S. Martin, and the accident which is alleged to have caused the injuries took place on the 1st day of August, 1925. The plaintiff Glennie in that action is conceded to have been the president of the defendant the Falls Equipment Company, Inc., one of the defendants therein named.

It is further undisputed in this case that the defendant Glennie herein, before beginning such action in the Supreme Court of Niagara county, submitted a claim, under the Workmen's Compensation Law of the State of New York, to the Industrial Commission of the State of New York, and which, after a hearing before said Commission, was rejected and disallowed by said Commission, and that an appeal from such determination of disallowance has

been taken to the Appellate Division and has not been determined by said appellate court.

It is further conceded that the Falls Equipment Company, Inc., has requested the plaintiff in this action to defend such Glennie action so brought as hereinabove set forth. The complaint in this action sets forth a copy of the policy of the Utica Mutual Insurance Company, the plaintiff herein, which is the contract existing between this plaintiff and the defendant the Falls Equipment Company, Inc., on a construction of which depend the rights and liabilities of the respective parties to this action.

This contract of insurance provides, among other things, that the insurance company is " to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada." The injuries referred to in this paragraph, which is paragraph one(b) of said policy, appear, from the very first clause of said policy at the top thereof, as follows: " As respects personal injuries sustained by employees."

The policy further provides, at section 3 thereof, that the company is bound " to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

The scope of the policy is extended by subdivision 5 thereof, which provides: " This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, and, also to such injuries so sustained by the *president*, any vice-president, secretary or treasurer of this employer, if a corporation. The remuneration of any such designated officer shall not be subjected to a premium charge unless he is actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman."

In the submission of this case the plaintiff claims that the policy of insurance, which was admittedly in force at the time of the accident, did not cover the defendant Robert D. Glennie, who, it claims, was not an " employee " of the defendant the Falls Equipment Company, Inc., within the meaning of said policy.

Plaintiff further claims that the said Glennie, having elected to submit his claim to the Industrial Commission, under the Compensation Law, he is, therefore, barred from beginning the action at law which has been instituted in the Supreme Court of Niagara county.

A further contention is made that because, in the action at law so begun by said Glennie, the defendant Glennie has not alleged that he is an employee of the said defendant the Falls Equipment Company, Inc., therefore, there is no contractual obligation whereby this plaintiff is bound to defend or to pay any judgment that may be obtained.

The court is of the opinion that this whole matter revolves around and is dependent upon a construction of the policy of insurance, and it is apparent, upon reading the briefs, that all the parties to this action are in accord with that view. I have hereinabove quoted the pertinent portions of said policy of insurance, and have read with interest and care the exhaustive brief submitted by the plaintiff, wherein he undertakes to show that subdivision 5 of said policy does not enlarge the scope of the policy so as to include an action such as this brought by the president of the insured. This court cannot bring itself to a construction of this section which would to its mind distort the plain, common, ordinary, every-day meaning of the English language as contained in said section, when it says that " this agreement shall apply to such injuries sustained, * * * and also to such injuries so sustained by the president." If the words " and also " do not mean to add to and extend the scope of this contract of insurance, this court knows of no words that could have been chosen which would have more forcibly extended the scope so as to include the chief executive officer of the corporation.

Having reached this conclusion, it follows as a matter of course that this insurance company was bound, under this contract, to defend the action begun by the defendant Glennie, under paragraph 3 of the contract of insurance, which provides for such defense, " although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

Having determined that the plaintiff in this action should defend, the other questions raised all become matters of such defense and may be adequate to establish the same, but that is a matter for some other court to determine when the same shall have been properly raised by answer in the action brought by the defendant Glennie herein in the Supreme Court of Niagara county.

The defendants are entitled to dismissal of the complaint herein, for the reasons hereinabove stated.