SOUTHERN SURETY COMPANY v. JOHN INABNIT ET AL.

No. 5442.   Decided February 19, 1930.
(24 S. W., 2d Series, 375.)

*Bell & Clark,* for appellant.

*Webster Atwell,* for appellees.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas presents the following statement and question:

"In the above styled cause John Inabnit and his attorneys recovered judgment for $922.50 in the court below against the Southern Surety Company for compensation insurance under the Workmen's Compensation Act. This is the second appeal of the case. On the first appeal from a like judgment this court reversed and remanded the case. (See 1 S. W., (2d) 412.) Upon the present appeal the judgment of the trial court has been reversed and remanded by a divided court. There is attached hereto the majority opinion and the dissenting opinion of Chief Justice Hickman. The case is now pending upon motion for rehearing and the majority have prepared a supplemental opinion preparatory to handing down, but which has not been handed down, because of the determination to certify the case. Said supplemental opinion is also attached hereto.

"The trial court filed its conclusions of fact which are as follows:

" 'The Court finds that prior to the time that the defendant John Inabnit was injured he was acting in the capacity of receiver of the Harris-Fisher Oil Company and had been acting in that capacity for several months; that for a long time prior to the date of his appointment by the Court as receiver of the Harris-Fisher Oil Company he had been employed by other receivers of the said Harris-Fisher Oil Company, to-wit, L. H. McCrea who acted as receiver for the said Harris-Fisher Oil Company for approximately twelve months, and later the said defendant worked as pumper for H. C. Steel who also was appointed and acted as receiver of the said oil company for some months; that during all the time that the defendant worked in the capacity of pumper for the said McRea and the said Steel he received as compensation the sum of $150.00 per month; that after the receivership had been pending for some time and a number of the interested parties and creditors of the Harris-Fisher Oil Company became interested in reducing the expenses of the receivership, and as the production of the oil lease was small it was agreed between a large number of the creditors and approved by the Court that the defendant, John Inabnit, would serve as receiver of the estate and perform all the duties he was then performing or had been performing during the time he had been working as

pumper on the lease, without additional compensation and in that way the receiver's fees or salary which the estate had theretofore been required to pay might be eliminated. Under this agreement the said defendant, John Inabnit, was by the Court appointed as receiver of the said Harris-Fisher Oil Company, which position he still holds. That after his said appointment, the said incumbent continued to perform all the work and labor which he had previously performed, which was that of pumper on the Harris-Fisher Oil Company lease, receiving the same salary which he had been receiving; and after the appointment of John Inabnit as receiver he continued to receive the sum of $150.00 per month as pumper, and did not receive any sum as compensation for his services as receiver; that on or about the 23rd day of December, 1925, and after the defendant had been appointed receiver of the Harris-Fisher Oil Company, while performing his duties as pumper on the lease owned by the said Harris-Fisher Oil Company and operated under the receivership, he, the said John Inabnit, was injured by having the index finger of his right hand crushed and injured, which resulted in the stiffening of the said index finger to the extent that the same became useless, and that the injury so sustained by him is permanent.

" 'That at the time the said injury was sustained by the said John Inabnit, and while he was working as a pumper as aforesaid, there was in full force and effect a policy of insurance issued by plaintiff to the Harris-Fisher Oil Company, which policy was issued first to L. H. McRea, receiver of the Harris-Fisher Oil Company, and later when the said McRea was succeeded by H. C. Steel as receiver of the said estate, the policy of insurance was transferred to H. C. Steel, and later when the said Steel was succeeded by John Inabnit, the defendant herein, the policy of insurance, by consent of all concerned, was transferred to John Inabnit as receiver for the Harris-Fisher Oil Company.

" 'That at the time of the injury and for more than twelve months prior to that date the defendant, John Inabnit, was drawing the sum of $150.00 per month and said defendant had been working constantly during said period of time.

" 'That said John Inabnit has actually expended the sum of $22.50 for medical services and doctor bills as a result of his injury.

" 'That after the said accident on the said 23rd day of December, the said John Inabnit was unable to perform any character of labor for a period of ten weeks.

" 'The Court finds that defendant, John Inabnit, contracted with the firm of Butts and Wright, attorneys at law of Cisco, Texas, to represent his interests before the Industrial Accident Board, and that the said firm represented the said John Inabnit before said Accident Board, and are representing his interests in the trial of this case in this Court, and that fifteen per cent of the amount of recovery is reasonable compensation to the said Butts and Wright for services rendered by them in representing said defendant in the prosecution of his claim before the Industrial Accident Board and the defense of this cause in this Court.

" 'The Court finds that compensation was awarded to said John Inabnit by the Industrial Accident Board from which judgment said plaintiff appeals and gave notice of such appeal in due time, and instituted this suit within due time in this Court to set aside the award or judgment of the said Industrial Accident Board.'

"For an understanding of the case it is necessary only to add further that the award of the Industrial Accident Board named Harris-Fisher Oil Company as subscriber and recited the fact that John Inabnit was in the employ of that company at the time he received his injuries, and the policy of insurance in question was, in fact, first issued to H. C. Steel, receiver of Harris-Fisher Oil Company, and later transferred to John Inabnit, receiver of Harris-Fisher Oil Company.

"Since we are unable to agree, and the case is one of which this court's jurisdiction is final, we have determined, in view of the novelty of the question presented, to certify for your decision the following question:

"Under the conclusions of fact in this case, supplemented as above set out, is John Inabnit shown to be entitled to judgment against the Southern Surety Company for compensation insurance under the policy of insurance in question?"

A determination of the question certified is dependent upon whether the proof established that John Inabnit at the time of his injury was an employe within the provisions of the Workmen's Compensation Law. This Act defines an employe to be every person in the service of another under any contract of hire expressed or implied, oral, or written. Section 1, Article 8309, R. S. 1925.

When Inabnit was appointed receiver of the Harris-Fisher Oil Company, he did not employ anyone to operate the lease, but did the necessary work himself. While he could have contracted, under approval of the court, with someone to do the work on the lease, and thus created the relation of employer and employe, not having

made any such contract, the work performed by him after his appointment was necessarily done as receiver of the Harris-Fisher Oil Company. He could not be both employer and employe, as it takes two persons to make a contract of hire. He could not, as receiver, contract to employ himself as pumper. Ind. Com. of Colorado v. Bracken, 83 Colo. 72, 262 Pac., 521; 13 C. J., 262; 6 R. C. L., 592. The work he did on the leased premises was necessarily performed as receiver, regardless of how it might be designated by himself or the court. Likewise, the salary paid him was compensation for his services as receiver, as this was the only capacity in which he was legally serving.

The Industrial Accident Board was without jurisdiction to award Inabnit compensation for an injury received while acting as receiver of the company, as the benefit of the Workmen's Compensation Act is confined to employes as therein defined.

The question here involved is analogous to where a member of a partnership performs manual labor ordinarily done by an employe, in which it is uniformly held that such person is not entitled to compensation for injuries under the provisions of the Workmen's Compensation Law because he cannot be both employer and employe. Berger v. Fidelity Union Casualty Co., 293 S. W., 235.

In the dissenting opinion of the Court of Civil Appeals it is attempted to sustain the recovery awarded Inabnit by the trial court upon the theory that the Surety Company knew that premiums were being paid each month by the receiver based upon a pay roll including Inabnit as an employe and that the company, with knowledge of all the facts, accepted such premiums, and was therefore estopped to deny he was an employe entitled to compensation when injured.

A plea of estoppel cannot be used for the purpose of enabling the Industrial Accident Board to acquire jurisdiction over a case where no jurisdiction in fact exists. This being an appeal from the award of the Industrial Accident Board, the jurisdiction of the district court to hear the case *de novo* depended upon the jurisdiction of the Industrial Accident Board. The latter tribunal is one of limited powers. It is only authorized under the act creating it to award compensation where it is shown that the person seeking compensation is an employe within the contemplation of such act. As Inabnit was not such employe, the Industrial Accident Board had no jurisdiction to enter any award requiring the payment of compensation. Its jurisdiction could not be conferred by any agreement of the parties or by any estoppel based thereon. To so hold would enable employers and insurance companies to protect classes of persons to

whom the legislature has not seen fit to extend the benefits of the Workmen's Compensation Law. In a recent case the Supreme Court of California (Employers' Liability Assur. Corp. v. Industrial Accident Comm., 187 Cal., 615, 203 Pac., 95) held that compensation could not be awarded by the Industrial Accident Commission to one not an employe, based upon a plea of estoppel. In considering this matter the court said:

"Upon principle it must be held that jurisdiction of the subject matter of a controversy cannot be conferred upon a tribunal of limited powers either by the direct agreement of the parties or by an estoppel growing out of such agreement."

As it appears from the undisputed facts that Inabnit was not an employe at the time of his injury within the terms of the Workmen's Compensation Act, the question certified should be answered in the negative, and we so recommend.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.