Coös,
Feb. 2, 1937.

LESTER FULLER *v.* COLEBROOK LUMBER CO.

*Bernard Jacobs* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the defendant.

BRANCH, J.   From the findings of the master, the following facts appear.   Upon December 2, 1933, the defendant was engaged in a logging operation in that part of Dixville known as Hodge Valley. Thirty men were employed by the defendant at this point, among them the plaintiff whose work was that of a teamster.   The logs were cut by hand and hauled from the place where they were cut by teams, one of which was driven by the plaintiff, to a so-called landing and there unloaded.   From that point they were loaded onto automobile trucks and hauled to the mill located on other and distant premises.   Camp supplies, including hay and grain for the horses, were brought to the camp on automobile trucks.   The teamsters, as a part of their duty, were required to help unload hay and grain from the trucks and carry it to the building where the horses were kept.

On December 2, 1933, the plaintiff was engaged in rolling a hardwood log up a skid onto his sled.   The log started to slip and the plaintiff, in attempting to stop it with his cant dog, experienced a strain in his back and a severe pain in his head which caused him to sink to his knees.   Within a few days his right side was completely paralyzed.   Since that time his condition has gradually improved, but the master found it more probable than otherwise that he "will be incapacitated from again performing any common labor which will constitute gainful employment" and that "such disability will continue in excess of three hundred weeks."

The plaintiff claims to come within the provisions of the employers' liability and workmen's compensation act because a part of the work which he was required to do was performed in proximity to the motor trucks which brought supplies to the camp and those which hauled the logs from the camp to the mill.   "There can be no question but that a motor truck is a power-driven machine." *Plourde* v. *Auclair*, 86 N. H. 303, 304, but under the principles laid down in *Davis* v. *Company, ante*, 204, it cannot be found that the plaintiff was engaged in one of the employments contemplated by the act.

The statute applies to "work in any shop, mill, factory or other place on, in connection with or in proximity to . . . any machinery propelled or operated by steam or other mechanical power in which shop, mill, factory or other place five or more persons are engaged in

manual or mechanical labor." P. L., *c.* 178, *s.* 1, *p.* II. "In the compensation act, what is meant by 'other place' is a place where the kind of work is done that is done in a shop, mill, or factory." *Davis* v. *Company, supra.* We think it is obvious that the work of cutting trees in a forest and hauling out the logs is not the kind of work that is done in a shop, mill or factory. Neither is the incidental work of unloading supplies for the camp, although they may be transported by motor truck.

Since the plaintiff was not engaged in one of the employments specified in the act, it follows that the defendant's exception to the denial of its motion to dismiss the petition must be sustained.

*Petition dismissed.*

MARBLE and PAGE, JJ., were absent: the others concurred.