Merrimack, }
May 3, 1938. }

## MERCHANTS MUTUAL CASUALTY COMPANY

*v.*

## HIRAM W. DROWN.

*Devine & Tobin* (*Mr. Tobin* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

PAGE, J. The defendant was injured while in the employ of John W. Bourlet on the latter's farm in Concord. At the moment, he was riding on the running board of a truck owned by Bourlet and operated by Bourlet's foreman, Oscar Olson, whose negligence is alleged to have caused the injuries. The truck was being used in the drawing of manure. Including Olson and the defendant, Bourlet at the time employed seven men on the farm. Three of them worked solely in the barn. Olson, Drown and two others did the outside work. Drown, as on this occasion, frequently had to work about the truck, loading and unloading.

Bourlet had accepted the provisions of the workmen's compensation act and had a policy in the Travelers Insurance Company covering his liability under that act. After the accident, Drown brought a petition for compensation under the act, and was paid $2,600 for a covenant not to sue Bourlet, but expressly reserved the right to recover the residue of his damages from third parties, particularly Oscar Olson.

Bourlet carried a policy issued by the plaintiff to indemnify him or anyone operating the vehicle involved in Drown's injuries with Bourlet's express or implied consent against loss for bodily injuries accidentally sustained by any person other than employees of Bourlet who were entitled to payments or benefits under the workmen's compensation act. The plaintiff seeks a declaratory judgment determining whether it is bound to defend a suit at law brought by Drown against Olson.

The sole question of law involved is whether Drown's injuries were compensable under the workmen's compensation act. If they were, the plaintiff's policy does not cover, and the plaintiff is under no duty to defend Drown's action against Olson. If they were not, there is coverage.

There appears to be no doubt that more than five persons were employed on the Bourlet farm in what the statute (P. L., c. 178, s. 1) terms "manual or mechanical labor." But this is a subsidiary limitation of the act. "The work is to be performed 'in any shop, mill, factory or other place' where or near which the danger of hoisting apparatus or power driven machinery lies. . . . 'Other place' . . .

in this case means, other like place, that is place substantially the same with the places mentioned in connection with it. ... In the compensation act, what is meant by 'other place' is a place where the kind of work is done that is done in a shop, mill, or factory." *Davis* v. *Company*, 88 N. H. 204, 208, 209.

The record shows that the work done on the Bourlet farm was wholly agricultural. There was a truck, also a tractor and general farm machinery, a milking machine and a hoist. There is evidence that the employees cultivated the land, harvested, cared for cattle and performed entirely farming duties. There is no evidence of any laboring activity, except in purely incidental matters, having substantial similarity to work in a shop, mill or factory. The work performed was as dissimilar in kind as that involved in *Fuller* v. *Company*, 88 N. H. 425.

The plaintiff attempted to urge in its brief the position that Drown's suit against the employee is barred by his election to accept compensation from the employer. The question has not been raised by any ruling or exception in the trial court. The exception to the ruling that Drown was entitled to compensation must be sustained.

*Judgment for the defendant.*

All concurred.