## NATIONAL LIFE UNDERWRITERS, Appellant,

v.

## Byron P. MILLER, Appellee.

### No. 15558.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 17, 1954.

Rehearing Denied Jan. 14, 1955.

·Luna, McCarthy & Berzett, and ·Earl Luna, Dallas, for appellant. ·

Clark & Ladwig, and ·Chester Clark, Fort Worth, for appellee.

RENFRO, Justice.

Appellee Byron P. Miller sued appellant. National Life Underwriters for damages for. the alleged wrongful cancellation of a policy. By supplemental petition he alleged the appellant was guilty of fraud, deceit and· misrepresentations, in that the agent who sold him the policy represented that it would continue in force as long as premiums were paid.

The appellant plead, under oath, that the agent had no authority to make the representations alleged and further that the policy provided the acceptance of any renewal premium should be optional with the Company.

The policy was issued on June 26, 1951. On November 25, 1953, the Company notified appellee it was exercising its option not to renew the policy. The policy insured the appellee against loss due to accident and illness and contained, among oth-

er provisions, the following: "No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the Underwriters and such approval endorsed hereon."

Then, after setting out the effective date of said policy, it was provided: "The acceptance of any renewal or reinstatement charge shall be optional with the Underwriters."

Premiums were payable monthly.

There is evidence to the effect that an agent solicited appellee to take out the policy in question and represented it would remain in force as long as the premiums were paid. The agent accepted the first month's premium and forwarded it to the home office in Dallas. All subsequent monthly payments were mailed by appellee directly to the home office and the policy was received by him in the mail from the home office of the Company.

The appellant moved for an instructed verdict for the reasons, among others, the Company was not bound by the oral representations made by the agent and that the appellee, having kept the policy in his possession two and one-half years, was estopped from urging the misrepresentations or fraudulent acts of the agent in a suit for damages.

The motion was overruled and, after jury verdict was returned, judgment was entered against the appellant.

Although the appeal is predicated upon fifteen points of error, it is our opinion the controlling issue is to be determined by the first point, wherein it is contended the court erred in overruling the motion for instructed verdict.

■ At the most, the unnamed agent was a mere soliciting agent for the appellant. The record does not disclose any evidence showing any authority in him to bind the Company by contract. The appellant plead, and the policy in question shows, that the appellant operated under Chapter 8, Title 78, V.R.C.S. of Texas, 1925, V.A.T.S. Insurance Code, art. 10.01 et seq. Appellant's soliciting agent had no power to make any contract on behalf of the Company or to waive the terms of the policy. So far as the record reflects the agent had no authority other than to solicit applications for insurance and forward same to the home office in Dallas for acceptance or rejection. The appellant was not bound by the oral representations of the agent. Southland Life Insurance Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623; Southland Life Insurance Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660; Bankers Protective Life Insurance Co. v. Addison, Tex.Civ.App., 237 S.W.2d 694; Mulkey v. Traders & General Insurance Co., Tex.Civ.App., 93 S.W. 2d 582, writ refused; Bankers Lloyds v. Montgomery, Tex.Com.App., 60 S.W.2d 201.

To hold that the rule that a mere soliciting agent cannot bind the company by oral representations can be avoided by the expediency of a damage suit, would for all practical purposes destroy the rule. American National Insurance Co. v. Huey, Tex. Com.App., 66 S.W.2d 690.

There is no evidence that the Company ever waived the provision of the policy involved herein. Appellee admitted that he never, in the thirty months the policy was in his possession, notified the Company that the policy was different in any respect from what the agent represented it would be and never notified the Company of the alleged statements of the agent.

The appellee kept the policy in his possession for thirty months. He read part of it but testified he never read the provision giving the Company the option to refuse to renew.

■■ Appellee was chargeable with notice of the contents of the policy. The option was his either to reject the policy delivered, notifying the appellant of his refusal, within a reasonable time, or to retain the policy. He chose to keep the poli-

cy, thereby becoming bound by its terms and provisions. Sublett v. World Insurance Co., Tex.Civ.App., 224 S.W.2d 288; Texas Prudential Insurance Co. v. Howell, Tex.Civ.App., 119 S.W.2d 1100; Darnell v. Southwestern American Insurance Co., Tex.Civ.App., 240 S.W.2d 509; American National Insurance Co. v. Huey, supra.

After a careful study of the entire record, we find there are no facts upon which the judgment for damages in favor of appellee can be predicated.

The judgment of the trial court is reversed and judgment here rendered for appellant.

Reversed and rendered.