SUPERIOR INSURANCE COMPANY V. W. E. KLING.

No. A-7280. Decided July 29, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 422)

156

*Strasburger, Price, Kelton, Miller & Martin,* and *Royal H. Brin, Jr.,* of Dallas, for petitioner.

The Court of Civil Appeals erred in affirming respondent's recovery of workmen's compensation, since the undisputed facts show respondent to be a part owner and partner with an interest in the business, rather than an employee within the terms of the Workmen's Compensation Law of Texas; also in affirming the judgment of the Court of Civil Appeals upon the ground of special contract or accident and indemnity insurance, estoppel, waiver, fraud, etc. Hill v. Georgia Casualty Co., (Texas Com. App.) 45 S.W. 2d 566; Service Mut. Ins. Co. v. Blain, 140 Texas 541, 168 S.W. 2d 854; Vaught v. Texas Emp. Ins. Ass'n. Texas Civ. App., 257 S.W. 2d 445, error refused, n.r.e.

*Bradley & Geren* and *L. L. Geren,* of Groesbeck, for respondent.

In reply to point of petitioner on grounds of special contract, waiver, etc., McCaleb v. Continental Casualty Co., 132 Texas 65, 116 S.W. 2d 679; Equitable Life Assurance Society v. Ellis,

105 Texas 526, 147 S.W. 1152; Hartford Acc. and Indemn. Co. 233 S.W. 2d 218, error refused, n.r.e.

MR. JUSTICE CULVER delivered the opinion of the Court.

The respondent, W. E. Kling, claiming to be an employee of the Kling-Gunter Cotton Gin Company, a partnership, filed his claim with the Industrial Accident Board and received an award for compensation for loss of his left arm below the elbow. The petitioner, Superior Insurance Company, who carried the workmen's compensation insurance, appealed. The respondent filed his counterclaim pleading total and permanent disability, or in the alternative, for the specific injury of the loss of the left arm below the elbow, as an employee under the Workmen's Compensation Act. He further pleaded that if he were not an employee in contemplation of the Act, nevertheless the petitioner had waived and was estopped to assert that defense and in any event that the policy constituted a contract of indemnity and special insurance whereby petitioner agreed in consideration of the premium, to insure the respondent against accidental injury and to measure his damages according to the terms and provisions and benefits of the workmen's compensation law. On a trial before the court without the aid of a jury, judgment was rendered in favor of respondent for total and permanent disability. That judgment has been affirmed by the Court of Civil Appeals. 321 S.W. 2d 151.

The principal contentions presented by petitioner are as follows: (1) That the undisputed facts show that respondent is a part owner and a partner with an interest in the insured business and, therefore, is not an employee within the terms of the Workmen's Compensation Act; (2) that petitioner has not waived nor is estopped to deny liability for workmen's compensation to respondent on that ground; (3) that under the circumstances and the facts of this case the policy could not be construed as a contract of indemnity and accident insurance under which recovery could be had according to the terms of the workmen's compensation law; (4) that the undisputed facts show no evidence of any disability caused by general injury and that respondent's compensation and injuries should be limited to the loss of the left arm below the elbow.

The facts here will be related in some detail. For a number of years respondent, Kling, had been employed in the operation of a cotton gin owned in partnership by his father, C. J. Kling and M. A. Gunter. In 1955 C. J. Kling died intestate and at the

time of the issuance of this policy, as well as at the time of the injury, the gin was owned one-half by M. A. Gunter and one-half by respondent and his eight brothers and sisters. He therefore owned an undivided 1/18th interest. By agreement of all concerned respondent was in charge of the operation of the gin. During the ginning season he hired such assistance as was needed. He worked as a ginner and maintained, repaired and operated the machinery. He was the only full-time employee. He drew compensation from the firm on a weekly basis and participated in the profits at the end of the year in proportion to his ownership.

1 We agree with petitioner that as a partner and part owner he cannot be said to be an employee as contemplated by the Workmen's Compensation Act. Berger v. Fidelity Union Casualty Co., 293 S.W. 235, cited and approved in Southern Surety Co. v. Inabnit, 119 Texas 67, 24 S.W. 2d 375; Millers' Ind. Underwriters v. Patten, 250 S.W. 154, (Com. App. adopted); Southern Surety Co. v. Eppler, 26 S.W. 2d 697 (writ of error refused); See 81 A.L.R. 654n; Lyle v. H. R. Lyle Cider & Vinegar Co., 243 N.Y. 257, 153 N.E. 67, 47 A.L.R. 840

With the single exception of Oklahoma,[1] those state decisions that have passed upon the question have held that "working partners" are not employees as to the benefits of workmen's compensation acts though some states have enacted legislation to cover those working partners who received separate wages over and above their share in the prifits. Larson on Workmen's Compensation, Vol. 1, § 54.30, Working Partners. Nor do we think the rule fails to apply in this case because it is said that respondent owns only a small percentage, namely, an undivided 1/18th. He nevertheless owns as large an interest in the business as any of the other partners except Mr. Gunter. As a member of the partnership he is an employer, and in fact the one who actually did represent the other members of the firm in making employment contracts.

2 As said in 68 C.J.S., Partnership, § 96, an association as partners is not consistent with the relation of master and servant and of employer and employee and as a general rule in order to constitute a partnership inter se the community of interest between the parties must be of such nature that it makes each member a co-principal and an agent of all of the

1.—Ohio Drilling Co. v. State Ind. Comm., 86 Okla. 139, 207 P. 314, 25 A.L.R. 367; Rodgers v. Blair, 201 Okla. 249, 204 P. 2d 867; Knox v. Knox, 120 Okla. 45, 250 P. 783.

members in the business with joint authority or right in the administration, control, or disposal of the business of its property.

**3** We think the holding in Southern Surety Co. v. Inabnit, *supra,* effectively disposes of the contention made by the respondent that since the insurance carrier knew of the partnership relation at the time the policy was issued and became effective, it is estopped to deny that respondent is covered under the Workmen's Compensation Act. In that case Inabnit was the receiver of an insolvent concern as well as the sole employee performing the duties of a pumper. He could not fill the dual capacity of employer and employee and come within the provisions of the Act as an employee. Although the insurer had full knowledge of that fact at the time of the issuance of the policy, nevertheless that knowledge did not work an estoppel. The court expressly held that:

"A plea of estoppel cannot be used for the purpose of enabling the Industrial Accident Board to acquire jurisdiction over a case where no jurisdiction in fact exists. * * *."

**4** This brings us to the question that although respondent does not bring himself within the terms and conditions of the Workmen's Compensation Act, are the facts here such that would authorize the construction of this policy as a special contract of insurance covering the respondent and awarding to him the benefits and indemnity provided in the policy and measured by the provisions of the Act. In our opinion this question should be answered in the affirmative.

Petitioner's special agent, Jarrett, and its local recording agent, Moss, called on respondent and solicited this compensation contract. Moss had previously written similar policies for the firm with another carrier. He knew that since the death of C. J. Kling the firm was a partnership between the C. J. Kling estate and M. A. Gunter, and was personally acquainted with the surviving members of the C. J. Kling family. Respondent made known to Jarrett his desire that the protection of the policy he extended to include him. In the application written by Jarrett himself there is this notation:

"W. Edgar Kling—(Manager son of C. J. Kling) There is to be coverage on him."

Jarrett explains that he "thought he was the owner at first

and then found out that it was the Estate and that is the way I entered it on the application. I was told he was strictly a salaried employee, and I said, therefore, coverage can be provided." The policy, signed by A. L. Moss, "authorized agent" carried the name of the insured as "C. J. Kling Estate and M. A. Gunter Gin Company." The estimated annual payroll on which the total premium was calculated was shown in the policy as $6,000.00. It was known to Jarrett and Moss that two-thirds of this payroll represented remuneration paid to Kling, the respondent. We cannot say that there is no evidence that the company did not know, or were not in possession of such facts that would reasonably put thim on notice that respondent was a part owner of his father's estate and thus a member of the partnership firm. No findings of fact were filed by the trial court and there is no indication as to what theory the judge based his decree on. The rule of implied findings, therefore, applies and the effect of the holding of the Court of Civil Appeals is that the evidence was sufficient to warrant the finding of knowledge on the part of the carrier.

It seems to us that therefore the doctrine announced in McCaleb v. Continental Casualty Co., 132 Texas 65, 116 S.W. 2d 679, and Hartford Accident & Indemnity Co. v. Morris, 233 S.W. 2d 218 (writ of error refused, n.r.e) can be properly invoked.

It was held in McCaleb that although the Workmen's Compensation Act at that time was not applicable to cities and their employees, there was nothing to prevent the City from taking out an insurance policy in an old line insurance company to protect its employees against injuries adopting the provisions of the Act as the standard by which the amount to be paid to the employees should be computed.

"* * * Nor can liability to an employee of a city who accepts insurance thereunder be defeated on the ground that such contract is illegal or ultra vires as to the city. The insurer is estopped from denying the validity of the contract as to the employee where it collects and retains premiums thereon. 30 Texas Jur., pp. 528, 529, § 291, and cases cited in notes; 32 C.J., p. 1351, § 631, and cases cited in notes."

We think the facts and the holding in that case are analogous to the situation here. In our case the petitioner is "an old line company" authorized generally to write casualty insurance. With the knowledge that respondent was a member of the firm

it contracted expressly with him that he was to be insured according to the terms and benefits set forth in the policy. It has collected and retained the premium of something in excess of $300.00, two-thirds of which was attributed to respondent's earnings. Under all of the circumstances we are warranted in holding that petitioner is estopped to deny that it intended to provide protection to respondent by special contract of insurance, the benefits to be measured by the terms of the policy and the workmen's compensation law.

Decisions to the same effect are to be found in other jurisdictions, among them American Mutual Liability Ins. Co. v. Duesenberg, 241 Ind. 488, 14 N.E. 2d 919, 16 N.E. 2d 698, 117 A.L.R. 1293; Utica Mutual Ins. Co. v. Glennie, 132 Misc. 899, 230 N.Y.S. 673. In an Illinois case, insurer attached to the workmen's compensation policy a rider extending the provisions of the policy to include the employer in the event he was injured in the same manner and under the same conditions as applicable to an injured employee. The insurer took the position that as an employer the claimant could not recover under the Act. thus no liability on the policy. The court held that inasmuch as all ambiguities and doubts are to be strictly construed against the insurer the rider amounted to a contract indemnifying the claimant as though he was an employee and to measure his recovery by the workmen's compensation yardstick. Morris v. Central West Casualty Co., 351 Ill. 40, 183 N.E. 595.

In Bituminous Casualty Corp. v. Powell, 101 Ind. App. 90, 194 N.E. 495, although a working partner was not an employee in contemplation of the Workmen's Compensation Act, nevertheless where the compensation policy issued to the partnership carried a rider stating that the partners "are to be covered under the policy to which this endorsement is attached" the injured partner was entitled to recover on the theory of common law contract. See also Thompson v. Parks, 131 Pa. Super. 81, 198 A. 819; Merchants Mutual Casualty Co. v. Drown, 89 N.H. 363, 199 A. 568; Southern Casualty Co. v. Morgan, 12 S.W. 2d 200 (Com. App.), on motion for rehearing 16 S.W. 2d 533; Federal Underwriters Exchange v. Cupit, 172 S.W. 2d 105, writ of error dism. w.o.m.

A brief discussion of the authorities relied on by petitioner in its contention to the contrary is appropriate.

In Wade v. Superior Ins. Co., 244 S. W.2d 893, writ of error refused, the court correctly held that Wade was not cov-

ered by the terms of the policy and provisions of the Compensation Act, for the reason that he was president of the insured corporation. The stautte expressly forbids the president and other corporate officials from being deemed employees within the meaning of the Act, notwithstanding that they may perform other duties and services for which they may be compensated. Article 8309, Sec. 1a, Vernon's Ann. Texas Civ. Stat. Wade's suit was predicated on the terms of the policy or in the alternative, upon an oral agreement with insurer's soliciting agent to issue "a workmen's compensation policy" covering the president of the corporation. The issuance of such policy and the agreement to issue such policy are prohibited by the statute. It is also settled that an insurer is not bound by an oral agreement with an insurance company's soliciting agent that persons not covered by the policy issued are to be covered. Mulkey v. Traders & General Ins. Co., 93 S.W. 2d 582, writ refused. In our case there was an express written provision in the application that respondent was to be covered by the terms of the policy.

In Vaught v. Texas Employers Ins. Co., 257 S.W. 2d 445 (n.r.e.), it would appear that the petitioner, though asserting an oral contract supplementary to the policy, was at all times seeking to bring himself within the scope of the Workmen's Compensation Act. The court says:

"* * * By reason of these contentions made appellants claim the controlling issues to be determined are whether or not the deceased was covered under the Texas compensation law and whether or not the extraterritorial provisions of the Texas compensation law are applicable."

Additionally, in that case it was held that the appellants had failed to discharge the burden of proof on the issue of parol contract pleaded by them.

In National Life Underwriters v. Byron P. Miller, 274 S.W. 2d 169, no writ history, the plaintiff sued for damages alleging wrongful cancellation of a policy. He relied on an oral statement by the soliciting agent that the policy was noncancellable as long as the premiums were paid. This was contradictory to the terms of the policy. Recovery was denied on the ground that the soliciting agent had no power to make any contract on behalf of the company or to waive the terms of the policy.

Service Mutual Ins. Co. v. Blain, 140 Texas 541, 168 S.W.

2d 854, opinion adopted, held only that the insurer was not estopped to deny that a workman was an employee within the Workmen's Compensation Act where the workman had been hired in violation of a penal statute and that fact was known to the insurer.

In Hill v. Georgia Casualty Co., 45 S.W. 2d 566 (Com. App.) the claimant was held to be "an agricultural laborer" and as such excluded from the operation of the Act. The court observed that "the only question presented for decision relates to the asserted right of Mrs. Hill to recover compensation under the workmen's compensation law for the injury and resulting death of her husband."

5  Petitioner's remaining point is to the effect that the compensation in this case should have been limited to the loss of the left arm below the elbow for the reason that there was no evidence of any disability caused by a general injury.

Respondent testified that as a small boy he began to work around the gin and has never engaged in any other occupation. His duties in addition to bookkeeping and office work involved repair, maintenance, replacing worn parts, installing new machinery, bearings, belts, etc., all involving rather heavy mechanical and manual labor. Respondent sustained his injury on the 16th day of September, 1957. His hand and forearm were caught in the gin saws and so mutilated that amputation four inches below the elbow became necessary. He sustained a deep cut in the muscle of the upper left arm and a severe pulling and sawing action of the muscles and tendons of the left arm. Dr. Swetland, a traumatic surgeon, testified that when he first observed respondent his condition was very poor, suffering as he was from profound shock, with extremely low blood pressure. The entire lower half of the arm was chewed up. All of the soft tissue had been torn from that portion of the forearm and hand, the bones were broken and parts of the bones were missing. There had been a great deal of hemorrhage and loss of blood. Subsequent to the operation the respondent received several blood transfusions and was in the hospital a total of 11 days There was a low-grade infection remaining in the stump of the arm that required respondent to take sulfanilamides after he was dismissed from the hospital. Respondent was exteremely nervous and it was necessary that he be given low-grade sedatives and tranquilizing drugs. The doctor testified that the loss of blood and subsequent shock did cause some damage to his nervous system and in the doctor's opinion that damage is per-

manent. The doctor further testified that the respondent sustained some injury to the nerves, muscles and tendons in his back and shoulder. The doctor further testified that there can be an overstretching of the muscular fibers that will cause a permanent damage and there can also be damage by an injury to the blood supply.

The respondent claimed that he was extremely nervous, that he could not sleep at night without a sedative and often takes *donatol* before meals on account of nervousness that affects his digestion; that his circulation is poor and that he must resort to the use of an electric blanket at times, even on a warm night; that oftentimes he is awake most of the night. He further testified as to the presence of pain and discomfort in his back and shoulder and numbness in his right elbow; that when he attempts to lift or work with his right hand that there is a resultant swelling in the hand and right arm and pain in the arm and shoulder. In connection with the testimony as to the use of the right hand and arm the doctor stated that this could be caused by the twisting action exerted by the gin saws on the left extremity and the pull of the normal reflexes in trying to withdraw the arm from the saws. The doctor further testified that in his opinion the respondent would not ever be able to do manual labor again as a gin worker or as a workman generally.

The Court of Civil Appeals has held that the evidence is sufficient to sustain the trial court's implied findings of a general injury and total and permanent disability and from a review of the evidence we cannot say that there is no evidence to sustain that finding. The point is therefore overruled. The judgment of the Court of Civil appeals is affirmed.

Opinion delivered July 29, 1959.

Motion for rehearing overruled October 7, 1959