HOUSTON FIRE & CASUALTY INSUR-
ANCE COMPANY, Appellant,

v.

Florence PARKER et al., Appellees.
No. 6991.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 21, 1960.

Rehearing Denied Dec. 27, 1960.

**496**

Stubbeman, McRea, Sealy & Laughlin, Midland, for appellant.

Hackney & Crawford, Brownfield, for appellees.

DENTON, Chief Justice.

This is an appeal by Houston Fire & Casualty Insurance Company, a workmen's compensation insurance carrier, from a judgment in favor of Florence Parker, individually and as independent executrix of the estate of Wayland Parker and as guardian of the person and estate of her three minor children. The deceased Wayland Parker was the husband and father, respectively, of the appellees and was accidentally killed while in the scope of his employment as a voluntary fireman for the City of Brownfield on December 2, 1958. The case was tried to a jury and after plaintiffs below rested, the defendant rested without introducing any evidence. The trial court then withdrew the case from the jury and rendered a judgment that appellees recover the sum of $35 per week for a period of 360 weeks.

Appellant's primary contentions are: (1) that Parker was not covered as an employee under Article 8309e, V.R.C.S., because the City of Brownfield had never adopted the Workmen's Compensation Act; (2) that Parker, as a voluntary fireman, did not come within the definition of "employee" under the Act; (3) that appellant's liability was limited to $9 per week, being the maximum benefit to be paid under both the Workmen's Compensation Act and the special contract of insurance between the city and appellant; (4) that, assuming there was coverage for Parker, the liability for the appellant should be limited to recovery of $25 per week rather than $35 as provided in the trial court's judgment. In its reply brief appellant abandoned two of its points of error previously brought forward.

We see no necessity to discuss at length the first two contentions made by appellant. Even though it may be said that the City of Brownfield did not enact an ordinance or resolution formally adopting the provisions of the Workmen's Compensation Act, or that Parker was not an employee as defined in the Act, we are unable

to agree with appellant's contentions. We are of the opinion the Supreme Court has held contrary to appellant's position. Appellant admits it issued and delivered a standard workmen's compensation insurance policy to the City of Brownfield, which was effective at the time of Parker's death, and that it collected premiums on the policy based on the payroll report submitted by the city. It is also uncontroverted that Parker was a member in good standing of the voluntary fire department of the city. The uncontradicted facts of this case clearly brings it within the rule handed down by the Supreme Court in Superior Ins. Co. v. Kling, 327 S.W.2d 422. We therefore hold the workmen's compensation insurance policy issued by appellant to the City of Brownfield as employer is a special contract of insurance covering the deceased Parker and awarded to his beneficiaries the benefits provided in the policy. See also McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679; Hartford Accident & Indemnity Co. v. Morris, Tex.Civ. App., 233 S.W.2d 218.

■ Appellant had knowledge that the voluntary firemen were specifically provided for in the policy, and premiums for the various classifications of employees were collected by appellant. Under the circumstances and the well-established rule of law above referred to, we conclude that appellant is estopped to deny that it intended to provide protection to voluntary firemen of the City of Brownfield. Appellant's fourth and fifth points of error are overruled.

■ Appellant further contends the trial court erred in holding appellant liable for compensation in excess of $9 per week. By a "voluntary compensation endorsement" the policy in question specifically included voluntary firemen of the City of Brownfield and was followed by the following type-written sentence: "Subject to minimum benefits under the law and included in payroll determination at 300.00 per annum."

Another endorsement attached to the policy included: "Classification of Operation." This endorsement listed the various classifications of employees, including firemen, and listed the estimated annual remuneration and estimated premium for each classification of employees. Another notation was typed at the bottom of this endorsement which reads as follows: "Firemen @ $15.00 per week, add $1680.00 each month for firemen."

The actual wages paid these voluntary firemen is undisputed. The city secretary testified that the city paid each voluntary fireman $1 per month plus 50 cents for each meeting of the firemen that the member attended. In order to eliminate the necessity of issuing small monthly checks, the firemen are paid semi-annually. With the voluntary firemen having two regularly scheduled meetings each month, the maximum wage each voluntary fireman would normally receive would be $24 per year. However, this salary becomes immaterial when the terms and conditions of the insurance policy in question are considered. Appellant takes the position that if it is liable to any extent, such liability is governed by the special terms of the insurance policy rather than the terms of the workmen's compensation statutes. We can not agree completely with this contention. As stated in the Kling case cited above [327 S.W.2d 425]: "Under all of the circumstances we are warranted in holding that petitioner is estopped to deny that it intended to provide protection to respondent by special contract of insurance, the benefits to be measured by the terms of the policy and the workmen's compensation law." We therefore think it is clear that we must look to both the policy of insurance and the Workmen's Compensation Law to determine the extent of appellant's liability.

■ Appellee contends the insurance policy is conflicting and ambiguous as to wages on which premiums were paid and as to what coverage was intended. We

**498**

are aware of the general rule that if the language of a policy is susceptible to more than one interpretation it should be construed against the insurer. Hartford Accident & Indemnity Co. v. Morris, Tex. Civ.App., 233 S.W.2d 218. However, we are of the opinion the policy before us can not be said to be conflicting or ambiguous. The very basis of determining the amount of premiums to be paid is the amount of the estimated payroll. By the insertion of the typewritten phrase "Subject to minimum benefits under the law and included in payroll determination at 300.00 per annum" it was the clear intention of the parties to base this estimated premium on $300 annually in spite of the absence of the dollar sign before "300.00." Any other interpretation would be difficult to comprehend.

The other ambiguous feature complained of by the appellee is that another notation was typewritten on another endorsement to the effect "Firemen @ $15.00 per week." This figure, of course, does differ from $300 per annum. However, this larger figure would inure to the benefit of appellee.

 Article 8306, Sec. 8 as amended, V.A.C.S., deals with death benefits under the Workmen's Compensation Act. It provides for the recovery by legal beneficiaries of the deceased of a weekly payment equal to 60% of deceased's average weekly wages but not more than $35 nor less than $9 per week for a period of 360 weeks. It will readily be seen that 60% of $15 is $9 and that the minimum benefit provided for in Art. 8306, Sec. 8, is the same amount. We think it is clear that the intention of the parties to the insurance contract was that under the policy voluntary firemen would receive the maximum benefit of $9 per week. The intention of the parties is of primary importance in interpreting contracts. Williston on Contracts, Vol. 3, Sec. 623. We are also of the opinion under all the facts and circumstances before us that these same benefits· are recoverable under the Workmen's Compensation Act itself. Because of the low pay scale of the voluntary firemen, it is apparent that the parties to the insurance contract intended to issue a policy to provide for benefits in compliance with the Workmen's Compensation Act. We therefore sustain appellant's 6th point of error.

In view of our holding the benefits recoverable under all the facts and circumstances is limited to $9 per week, we deem it unnecessary to discuss the effect of the recent amendment of Art. 8306, Sec. 8, as it may affect city employees under Art. 8309e.

The judgment of the trial court is reformed by deleting from the judgment the figures by which appellees are awarded compensation at the rate of $35 per week and by substituting therefor figures awarding appellees compensation at the rate of $9 per week. As reformed, the judgment of the trial court is affirmed.