**J. Frank POWELL, Appellant,**

v.

**VIGILANT INSURANCE COMPANY,**
**Appellee.**

**No. 1239.**

Court of Civil Appeals of Texas,
Tyler.

Feb. 1, 1979.

Rehearing Denied Feb. 22, 1979.

Dicky Grigg, Spivey, Hazel & Grigg, Austin, for appellant.

Richard W. Chote, Flahive & Ogden, Austin, for appellee.

MOORE, Justice.

Appellant, J. Frank Powell, claiming to be an employee of Ponderosa Motor Inn, a partnership, filed a claim for workers' compensation benefits with the Industrial Accident Board and received an award for disability benefits. Appellee, Vigilant Insurance Company, appealed to the District Court with a prayer that the award be set aside. Appellant filed his counterclaim alleging that while in the course and scope of his employment for Ponderosa Motor Inn he received an injury resulting in total disability. He prayed for judgment against the insurance company for total and permanent disability under the provisions of the Workers' Compensation Act Art. 8306, et seq., Tex.Rev.Civ.Stat.Ann.

The cause came on for hearing before the trial court on motion for summary judgment filed by appellee, Vigilant Insurance Company, under the provisions of Rule 166–A, Tex.R.Civ.P. As grounds for a summary judgment, the insurance company alleged that appellant was not entitled to recover workers' compensation benefits because at the time of his alleged injury he was a partner with a 20% interest in Ponderosa Motor Inn and therefore could not be an employee under the workers' compensation insurance policy in the absence of an endorsement thereon specifically showing that he was covered by the policy as required by Art. 8309, sec. 1a. The company alleged that the policy contained no such endorsement and therefore appellant was not entitled to recover workers' compensation benefits. After a hearing on the motion, the trial court rendered a summary judgment decreeing that appellant take nothing by his suit, from which appellant perfected this appeal.

We affirm.

By a single point of error appellant contends that the trial court erred in granting the summary judgment because there existed a genuine issue of a material fact, namely, whether the insurance company was estopped to deny that the policy in question amounted to a special contract of insurance covering appellant.

Appellant admits that he was a partner in Ponderosa Motor Inn and owned a 20% interest therein at the time he was injured on December 20, 1975. It is undisputed that the policy contained no endorsement providing coverage of the partners and that the name of appellant, J. Frank Powell, was not endorsed thereon as being covered as required in Art. 8309, sec. 1a, supra. The record shows that the policy was written as a result of solicitation by Burton Barnes, who was a self-employed partner in the firm of Eichlitz, Dennis & Wray Insurance Agency. The policy shows to be a standard workers' compensation insurance policy covering the employees of J. F. Powell and Hixon Development Company, d/b/a Ponderosa Motor Inn. Burton Barnes testified by deposition that he knew J. Frank Powell was a partner at the time he wrote the policy and he did not intend for him to be covered by the policy. He testified that no one connected with the partnership told him that appellant was to be covered by the policy. The policy was dated on March 20, 1974, and according to Barnes was sent to Ponderosa Motor Inn shortly thereafter. A renewal policy containing identical coverage was issued to Ponderosa Motor Inn on February 22, 1975.

Plaintiff filed suit in the District Court seeking total and permanent disability under the policy and the Workers' Compensation Act. Appellant's petition appears to be in the usual and customary form of a compensation suit. The petition contains no allegations that either the appellant or any other member of the partnership directed the insurance agent to write a policy covering appellant, nor are there any allegations that appellant sought to recover on the basis that a special contract was intended whereby appellant would be insured for benefits equal to the benefits payable under the Workers' Compensation Act or that the failure of the policy to cover appellant was the result of fraud, accident or mistake.

The insurance company sought a summary judgment on the ground that the undisputed summary judgment proof showed that appellant was a partner in Ponderosa

Motor Inn, and since the policy contained no endorsement showing appellant was covered by the policy, appellant could not, as a matter of law, recover workers' compensation benefits under the policy in question.

In opposition to the motion for summary judgment, appellant filed an affidavit stating that on some undisclosed date after the policy was issued he asked Burton Barnes, the agent who issued the policy, whether the policy covered him, and Barnes stated that it did. Appellant Powell further stated that at the time he was injured on May 20, 1975, he was relying on the representation of Barnes that he was covered by the policy in question. He also stated in his affidavit that he audited financial statements, and supplementary financial information supplied to the insurance company included his salary. Nowhere in his affidavit did he testify that the insurance company was instructed or that the company agreed to extend coverage to him or any other partner by endorsement on the policy in compliance with Art. 8309, 1a. Nor did appellant adduce any summary judgment proof showing that the insurance company said or did anything to lead the appellant to believe that the company intended to cover him with a special contract of insurance affording the benefits and indemnity provided in the policy and measured by the provisions of the Workers' Compensation Act.

In a summary judgment proceeding, where the defendant is the movant, the question on appeal, as well as in the trial court, is whether the summary judgment proof establishes as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Rule 166–A(c), Tex.R.Civ.P.; *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

■ A partner is usually held to be an employer and therefore he cannot be said to be an employee as contemplated by the Workers' Compensation Act, *Berger v. Fidelity Union Casualty Company*, 293 S.W. 235 (Tex.Civ.App.—Amarillo 1927, no writ history); *Southern Surety Co. v. Inabnit*, 119 Tex. 67, 24 S.W.2d 375, 377 (Comm'n App.1930, opinion adopted); *Superior Ins. Co. v. Kling*, 160 Tex. 155, 327 S.W.2d 422, 424 (1959), unless the insurance contract shall specifically include the partner by endorsement thereon. Art. 8309, sec. 1a.

■ Appellant admits in his sworn affidavit that he was a partner. Nowhere in his response to the motion for summary judgment does he allege that he was entitled to recover workers' compensation benefits on the policy in question under the Workers' Compensation Act. Obviously he could not fill the dual capacity of employee and come within the Workers' Compensation Act, and as we understand his brief he does not so contend. In any event the summary judgment proof establishes as a matter of law that appellant is not entitled to recover on the policy in question.

■ This brings us to the question, that although appellant does not bring himself within the terms and conditions of the Workers' Compensation Act, are the facts here such as to show that the insurance company intended to make a special contract of insurance covering appellant and giving him a right to recover insurance benefits provided by the policy and measured by the Workers' Compensation Act.

Appellant argues that the facts set forth in his affidavit showing that the insurance company's agent told him after the policy had been issued that he was covered and his further statement that audited financial statements had been sent to the insurance company showing his salary was included for the purpose of calculating the insurance premiums, were sufficient to raise a material fact issue with regard to whether the insurance company intended to create a special contract of insurance affording him coverage equal to that provided for in the workers' compensation insurance policy. Appellant maintains the holding of the Texas Supreme Court in *Superior Insurance Co. v. Kling, supra,* supports his contention. We do not agree.

In our view the *Kling* case is distinguishable on the facts. In *Kling,* the court held

that where the authorized agents of an insurance company had issued a workers' compensation insurance policy to a partnership, agreeing and noting on the policy that a certain named partner was to be covered by the policy with knowledge of the fact that he was a partner and later collected premiums based on his earnings, the insurance company contracted to issue a special contract of insurance according to the benefits set forth in the policy and therefore were estopped to deny that it intended to provide coverage measured by the terms of the policy and the Workers' Compensation Law.

In the present case the facts set forth in the summary judgment proof offered by the insurance company dispel any notion that the company entered into any type of special insurance contract. According to the deposition testimony of the independent agent who represented the company, the negotiation was for a standard form workers' compensation insurance policy to be issued covering the employees of Ponderosa Motor Inn. He testified that although he knew appellant was a partner in Ponderosa Motor Inn, it was not his intention that appellant be covered by the policy; and that the policy contained no endorsement indicating that appellant or any other partner was to be covered. He further testified that no one connected with the partnership ever instructed him that the appellant was to be covered under the workers' compensation insurance policy.

Thus, the summary judgment proof offered by the insurance company in the present case shows that the only agreement was that a workers' compensation insurance policy was to be issued and that nothing was said or done showing that the insurance company intended a special contract of insurance insuring appellant. Nowhere in the summary judgment proof did appellant dispute the foregoing facts, nor did he offer any summary judgment proof indicating that the insurance company said or did anything showing it intended to make a special contract of insurance covering the appellant. Consequently, the summary judgment proof establishes that no special contract of insurance was intended or created.

It follows that the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one of the essential elements of the appellant's cause of action. Having failed to establish that a special contract of insurance was created, or that a material fact issue remained to be determined in that regard, we do not reach the question of whether the insurance company is estopped to deny that it intended to afford appellant coverage.

We are aware of the fact that appellant states in his affidavit that in response to his inquiry, Burton Barnes, the insurance agent, told him at some undisclosed date after the policy had been issued that he was covered, and that the partnership later included his salary in certain financial statements furnished to the insurance company for the purpose of calculating premiums. However, we fail to see how these facts which occurred sometime after the initial policy was negotiated could serve to create a special contract of insurance or raise a fact issue thereon. The undisputed summary judgment proof shows that the agent was an independent agent and thus had no authority to bind the company. His statement that appellant was covered by the workers' compensation policy constituted nothing more than a legal conclusion and for this reason would not create an issue of fact on whether a special contract of insurance existed. Further, there is no proof that the partnership actually paid any premiums on appellant's salary.

The judgment of the trial court is affirmed.