

# The Attorney General of Texas

November 12, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jimmy Mankins
Chairman, House Employment
  Practices Committee
House of Representatives
Austin, Texas 78711

Opinion No. MW-271

Re: Obligations of a general contractor to a subcontractor under the workers' compensation laws

Dear Mr. Mankins:

You have asked three questions concerning a general contractor's obligations to a subcontractor under the workers' compensation laws, article 8306, et seq., V.T.C.S. We will assume for purposes of this discussion that the subcontractor you inquire about is a bona fide independent contractor, who is not deemed an "employee" within section 1, article 8309, V.T.C.S.

Your first question is whether, pursuant to article 8307, section 6, V.T.C.S., a general contractor is responsible for obtaining workers' compensation insurance for a subcontractor who obtains coverage for his employees but not for himself. Article 8307, section 6 provides in pertinent part:

> If any subscriber to this law with the purpose and intention of avoiding any liability imposed by its terms sublets the whole or any part of the work to. . . any sub-contractor, then in the event any employe of such sub-contractor sustains an injury in the course of his employment he shall be deemed to be and taken for all purposes of this law to be the employe of the subscriber. . . . (Emphasis added).

Section 6 has not been amended since its enactment in 1917.

The underlined language clearly indicates that a subcontractor's employees are deemed to be employees of a general contractor only when the contractor utilizes a subcontractor "with the purpose and intention of avoiding any liability" imposed by the workers' compensation laws. Absent proof that the contractor has sublet work with such purpose and intention, the subcontractor's employees will not, in the event they sustain injury in the course of their employment, be deemed to be employees of the contractor. United States Fidelity & Guaranty Company v. Hall, 224 S.W. 2d 268 (Tex. Civ. App. - Austin 1949, writ dism'd); see also Texas Employers'

Insurance Association v. Harper, 249 S.W. 2d 677 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e.). If the subcontractor's employees are not considered to be employees of the general contractor, then the latter has no obligation to obtain workers' compensation insurance for them.

Even if it is proven that a contractor utilized a subcontractor for the purpose of avoiding liability, however, it does not follow that the contractor has any obligation with respect to the subcontractor, as opposed to the subcontractor's employees. Article 8307, section 6 may, for purposes of the workers' compensation laws, transform a subcontractor's employees into employees of the general contractor, but it does not perform the same function with respect to the subcontractor himself. As the court observed in Houston Fire & Casualty Company v. Farm Air Service, Inc., 325 S.W. 2d 860 (Tex. Civ. App. - Austin 1959, writ ref'd n.r.e.):

> [Section 6] does not purport to make the subcontractor such employee but only makes an injured employee of the subcontractor an employee of the subscriber for all purposes of the compensation law. Here appellant undertakes to extend the provisions of the section so as to make the independent contractors (subcontractors) employees of the subscriber. This would be writing a provision into the section that the Legislature did not see fit to include therein. . . .

325 S.W. 2d at 865. Accordingly, because section 6 does not make a subcontractor an "employee" of the general contractor, we conclude that the latter would not be obligated to obtain workers' compensation insurance for a subcontractor who chooses not to obtain such coverage for himself.

Your second question is whether a general contractor must obtain workers' compensation insurance for a subcontractor which is a partnership consisting of three persons and no employees. As we stated above, article 8307, section 6 applies only to a subcontractor's employees. Since your question assumes that the partnership has no employees, the partnership could be deemed an "employee" of the general contractor only if the partners themselves are employees. However, as the court stated in Powell v. Vigilant Insurance Company, 577 S.W. 2d 364 (Tex. Civ. App. - Tyler 1979, no writ):

> A partner is usually held to be an employer and therefore he cannot be said to be an employee as contemplated by the Workers' Compensation Act. . . unless the insurance contract shall specifically include the partner by endorsement thereon.
> Art. 8309, sec. 1a.

577 S.W. 2d at 366 (citations omitted). Since the subcontractor is a partnership with no employees and the partners themselves are not "employees" within the workers' compensation laws, we conclude that a general contractor has no obligation to obtain workers' compensation coverage for the partnership.

Your last question is whether, if a general contractor does obtain workers' compensation insurance for a subcontractor and his employees, an insurance company may base its premium on the gross payment to the subcontractor. Since subcontracts usually state a firm contract price for the completed work, the gross payment to the subcontractor will likely include items such as overhead, equipment, material and other such expenses in addition to salaries.

The statutes provide little guidance in this inquiry. Article 5.55, et seq., of the Insurance Code, which vests control over premiums for workers' compensation insurance in the State Board of Insurance, merely requires that rates be just and reasonable. Article 5.60 provides that the board "shall determine hazards by classes and fix such rates of premium applicable to the payroll in each of such classes." (Emphasis added).

The Texas Workmen's Compensation and Employers' Liability Insurance Manual, which is published by the National Council on Compensation, recognizes that premiums based upon factors other than payroll would necessarily be inflated. It requires that premiums on workers' compensation policies be calculated on the basis of services rendered by employees. We are informed that the Manual is consistently relied upon by the State Board of Insurance and that it accurately reflects the board's understanding of the legal requirements in this area. Courts will generally uphold interpretations placed upon laws by an agency charged with the enforcement of those laws. Tarry Moving & Storage Co. v. Railroad Commission, 359 S.W. 2d 62 (Tex. Civ. App. - Austin 1962), aff'd., 367 S.W. 2d 322 (Tex. 1963). We therefore conclude that an insurance carrier may not base its premiums on the gross payment to the subcontractor.

## SUMMARY

A general contractor is not obligated under article 8307, section 6, V.T.C.S., to purchase workers' compensation insurance for a subcontractor who chooses not to obtain coverage for himself, nor is a general contractor required to obtain workers' compensation coverage for a subcontractor which is a partnership consisting of three persons and no employees. If a general contractor does obtain workers' compensation insurance for a subcontractor and the subcontractor's employees, an insurance company may not base its premiums on the gross payment to the subcontractor.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Charles J. Maddox, Jr.