THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 20, 1967

Honorable Robert O. Smith
County Attorney
Travis County
Austin, Texas

Opinion No. M-62

Re: In accepting bids for in-
surance on county buildings
and contents, whether the
commissioners court can pur-
chase such insurance from
any insurance company licensed
to write this type of insur-
ance in the State of Texas;
or must such insurance be
purchased from a particular
type of company.

Dear Mr. Smith:

Your opinion request on the above-captioned subject
reads as follows:

"Will you please issue an opinion for the
Commissioner's Court of Travis County regarding
the following question.

"In accepting bids for insurance on
county buildings and contents, can the
Commissioner's Court purchase such in-
surance from any insurance company li-
censed, to write this type of insurance,
in the State of Texas; or must such in-
surance be purchased from a particular
type of company?

"In preparation for making this request, I
have concluded that this question has been pre-
viously answered by prior Attorney General Opinions
in so far as it relates to Mutual Type Companies.
Opinions No. 3088 and WW-986 have already estab-
lished that mutual companies are precluded from

writing such insurance because Section 52 of
Art. 3 of the Texas Constitution which prohibits
any county from becoming a subscriber to the
capital of any private corporation.

"I find no reason why a county can not
purchase insurance from either a Lloyd Type
Company (Art. 18 Insurance Code) or a Stock
Company (Art. 6 Insurance Code)."

Your present inquiry is directed toward types of insurance that the commissioners court would be authorized to purchase to cover the risk of loss from fire on county buildings and their contents.

As correctly stated in your letter, purchase of _mutual_ insurance by a political subdivision of the State of Texas is precluded by both Section 52 of Article III and Section 3 of Article XI of the Texas Constitution. Lewis v. Independent School District of the City of Austin, 139 Tex. 83, 161 S.W.2d 450 (1942) and Attorney General's Opinions O-924 (1939) and WW-986 (1961).

Section 52 of Article III of the Constitution of Texas reads as follows:

"The Legislature shall have no power to
authorize any county, city, town or political
corporation or subdivision of this state to
lend its credit or to grant public money or
thing of value in aid of or to any individual,
association or corporation whatsoever, or to
become a stockholder in such corporation, as-
sociation or company. . . ."

Section 3 of Article XI of the Constitution of Texas reads:

"No county, city or other municipal cor-
poration shall hereafter become a subscriber
to the capital of any private corporation, or
association or make any appropriation or donation

- 290 -

to the same, or in any wise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law."

It is noted that public subdivisions of the State are forbidden to do two things: First, they are not to lend their credit or to grant public money or thing of value in aid of or to any individual, association or corporation; and second, they are forbidden to become a stockholder in any corporation, association or company.

Therefore, the answer to your question depends upon the applicability of the case of <u>Lewis v. Independent School District of the City of Austin</u>, supra, in which the Supreme Court held that a school district could not purchase insurance from a mutual insurance company because it thereby in effect became a stockholder in such company, the Court saying at page 452:

> "This Court has held that Section 52 of Article 3 of our Constitution prohibits cities from becoming members of a mutual insurance association <u>whose subscribers are stockholders in such company</u>. City of Tyler v. Texas Employers' Ins. Ass'n., Tex.Com.App., 288 S.W. 409; Id., Tex.Com.App., 294 S.W. 195; Southern Casualty Co. v. Morgan, Tex.Com.App., 12 S.W.2d 200; McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679. (Emphasis added.)

> ". . .

> ". . .The language used in the Constitution is clear and unambiguous. It specifically prohibits the School District from becoming a stockholder in a corporation, association, or company. . ."

Another type of insurance inquired about in your letter is that termed the "Lloyd Type" insurance, which is authorized and regulated by the provisions of Article 18.01

et seq., Insurance Code, Vernon's Civil Statutes. Originally, Lloyd's insurance was a type of insurance based on a fund made up of deposits by each one of the members, from which, when a loss was adjusted, the agents assumed the means of payment. In America, in adopting the Lloyd's system of insurance, money representing the entire insurance was not deposited; but in lieu of such a deposit, the members each contributed a certain sum to make up a fund, and each contracted with agents who were the representatives of the association to pay in from time to time so much as should be needed to pay losses. Under the Lloyd's system of insurance, after the loss was adjusted, the insured received from the fund so provided the amount of the loss. The fund deposited was, in the strictest sense, a trust fund for the benefit of persons holding policies. Therefore, under the Lloyd's system as adopted in the United States, the trust in favor of the insured consists of the amount deposited, by each underwriter and the covenant on the part of each underwriter to pay in money to answer the amount due from him upon such loss. The county in purchasing "Lloyd Type" insurance is not liable for, or a guarantor of, losses suffered by other insureds. Attorney General's Opinion O-4880 (1942) held that an independent school district could purchase fire insurance from a "Lloyd Type" insurance company. We agree with this prior opinion, which is also applicable to counties. Article 18.13, Insurance Code, Vernon's Civil Statutes; Merchants' and Manufacturers' Lloyd's Ins. Exch. v. Southern Trading Co. of Texas, 229 S.W. 312, (Tex.Civ.App. 1921, no writ history); for origin and history of Lloyd's plan, see Jones v. Hollywood Style Shop, 62 S.W.2d 167 (Tex.Civ.App. 1933, no writ history).

You also inquire about the "Stock Type" insurance company, which is authorized and regulated by the provisions of Article 6.01, et seq., Insurance Code, Vernon's Civil Statutes. A "Stock Insurance Company" is one in which stockholders, who need not be policyholders, contribute all the capital, pay all losses, and take all the profits. State v. Willett, 171 Ind. 296, 86 N.E. 68.

Note that there is an essential difference between "Stock" and "Mutual" type insurance companies. The former is a corporation with capital stock, organized for the profit

of its stockholders, who need not be policyholders. 33 Tex.Jur. 11, Insurance, Secs. 555 et seq. Its policies are issued solely upon the credit of its capital stock to persons who may be entire strangers to the corporation, who acquire by reason of their policies no right of membership and no right to participate in its profits, and who subject themselves to no liability by reason of its losses. In all these respects it differs materially from the latter, which has no stock or stockholders. Fuller v. Lockhart, 209 N.C. 61, 182 S.E. 733 (1935). The latter company is one in which the members are both the insurers and the insured, sometimes through a fund made up of cash premiums or premium notes, and sometimes by assessment laid on all members. 33 Tex.Jur.2d, Sections 578 et seq. Hutchins Mutual Ins. Co. v. Hazen, 105 F.2d 53.

Therefore, in answer to your question, it is the opinion of this office that in accepting bids for insurance on county buildings and contents, the commissioners court can purchase such insurance from any insurance company licensed to write this type of insurance in the State of Texas, including the "Lloyd Type" or "Stock Type" company, provided such purchase would not involve a lending of credit or granting of public money or taking membership in or becoming a stockholder in such corporation, association or company in direct violation of the provisions of the Texas Constitution.

## S U M M A R Y

In accepting bids for insurance on county buildings and contents, the commissioners court can purchase such insurance from any insurance company licensed to write this type of insurance in the State of Texas provided such purchase would not involve a lending of credit or granting of public money or taking membership in or becoming a stockholder in such corporation, association or company in direct violation of the provisions of the Texas Constitution.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alan Minter
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Sam Kelley
Ralph Rash
John Grace
Pat Bailey

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.